# CHARLESTON.

## HARDING v. JENNINGS.

Submitted September 9, 1909.   Decided December 6, 1910.

1.  LOGS AND LOGGING—*Sale of Standing Timber—Sufficiency of Contract.*
    A written contract selling standing trees must describe with legal certainty the land on which they stand, so that it may be identified.

2.  DEEDS—*Exceptions—Description.*
    An exception in a deed conveying land must describe the thing excepted with legal certainty, so as to be ascertained, else the thing sought to be excepted will pass to the grantee.

Error to Circuit Court, Randolph County.

Action by J. F. Harding and others against Cortez H. Jennings. Judgment for defendant, and plaintiffs bring error.

                                                    *Affirmed.*

68 W. Va.

*Wm. T. George* and *W. B. Maxwell,* for plaintiffs in error.

*A. Jay Valentine* and *Talbott & Hoover,* for defendant in error.

BRANNON, JUDGE:

Harding and Bowman brought an action of trespass in the circuit court of Randolph county against Jennings as surviving partner of the firm of Jennings Brothers, to recover damages for cutting and converting to their own use one thousand timber trees. The court directed the jury to find for the defendant, and upon the verdict rendered judgment for the defendant and Harding and Bowman appeal.

The plaintiffs claim that in 1879 by a written contract between Wyatt and Nestor Wyatt sold to Nestor twelve hundred timber trees and that the plaintiffs have title to those trees derivatively from said contract. Wyatt owned the land on which the trees stood, and after he sold the trees to Nestor Wyatt conveyed the land to Kerns and Kerns conveyed to Harper, and the defendant claims derivatively from Harper. In the deed for the land from Wyatt to Kerns there is this clause of exception, "B. C. Wyatt excepts the timber in his and H. L. Nestor's trade on the lower part of this land below the line that was run through this survey when Enos Carr of B. C. Wyatt and on the upper part of the timber is all Kerns' and sold to Donohoe." In the deed from Kerns to Harper is this clause of exception: "The said Columbus Kerns excepts in this conveyance the timber sold by the H. L. Nestor and the Donohoe contract." So, the plaintiffs, Harding and Bowman, claim the timber derivatively from Wyatt, and the defendant, Jennings, claims land with the trees derivatively from Wyatt. The plaintiffs' right to the trees rests on the alleged contract between Wyatt and Nestor by which Wyatt sold the trees to Nestor. A paper purporting to be that contract was offered in evidence, part of it gone. That part remaining reads as follows: "July 31st, 1879. This article of agreement between H. L. Nestor of Tucker County of the first part and B. C. Wyatt of Randolph County of the second part, witnesseth that the party of the first part has this day bought of the said Wyatt 1200 good timber trees to average 18 inches in diameter in the smallest, to be poplar, ash and

cherry, as the said Nestor may find nearest the river commencing at the lower end of the survey of 1200 acres of land, taking all of said timber that can be gotten convenient to the river." The plaintiffs must stand or fall on that contract, because it is the sole basis of their claim. We have come to the conclusion that it is insufficient to vest title in the plaintiffs necessary to support the action. It is too uncertain in its description of the land on which the trees stood. Trees are a part of the very land itself, real estate. This is a sale of a given number of trees, not all, on the tract. We do not say that the trees must be identified in the writing, but we assume that the right of selection would cover that; but when the purchaser goes to take his trees he must find the land on which the trees stand. The contract must describe the land with legal certainty. When a man sues for specific performance of a contract for the purchase of land he must have a certainty of description of his land; when he sues for specific performance of a contract selling timber or minerals he must have a contract describing the land with legal certainty, because they are on or in the land. This contract does not tell us what land or where it lies. It points no finger to its identification, by water course, by joining land, by any boundary or other means of identification. We cannot see any distinction between principles applicable in such case and in this case. *Crawford* v. *Workman,* 64 W. Va. 10. It is useless to refer to the multitude of decisions bearing on this matter. It may be suggested that those exceptions in the deed from Wyatt to Kerns and from Kerns to Harper may be appealed to to help out the contract; but those exceptions themselves are uncertain, vague and void, for that reason. An exception in a deed must have the legal certainty of description demanded by law for the granting clause, else that exception fails and the thing sought to be excepted passes under the granting part of the deed. *Butcher* v. *Creel,* 9 Grat. 201. But I gravely question whether if those exception clauses were definite they could be used to help out the said contract, being in deeds between other parties subsequent to that contract. Authorities cited in said case of *Crawford* v. *Workman, supra,* show that not all outside evidence can be received, but only to a limited extent. It can be received to apply what is in the writing to the subsequent matter, but that evidence must relate to some ear mark or pointer

in the contract itself. The contract does not, could not, refer to these subsequent deeds containing such exception. There is nothing in the contract pointing to any line, corner, deed or other index, to which we can apply these exceptions in those deeds. The writing must itself identify the thing, or point to something that will do so. When outside evidence is received it must attach to and explain what is in the writing. The writing must point to the extrinsic means of identification. You cannot introduce witnesses to prove what land was intended to be sold. Note 26 Am. Dec. 665.

It was suggested that it does not appear whether this contract was sealed so as to give Nestor dry legal title to the trees as a deed, so as to maintain trespass. There may be some seriousness in that question, but I do not further discuss or consider it.

The plaintiffs thus having failed to show title to maintain their action the court did not err in directing a verdict for the defendant. The principles of our decision render it unnecessary to discus other points in the case, as it will not be remanded for a new trial.

Therefore, we affirm the judgment of the circuit court.

*Affirmed.*

Note by BRANNON, JUDGE:

A petition for rehearing makes the point that the court refused oral evidence of the contents of the lost part of the paper, and that such evidence might have made the description clear. It does not appear what it was proposed to prove as such contents. We cannot say that such lost contents would at all bear on the description of the land or trees. Before a court can reverse for refusal to allow a question to be answered, it must see that the answer would be material to the case. Before we can say error was committed in ruling out evidence, we must see what it would have been.

It is argued that the reservations in the deeds from Wyatt to Kerns and from Kerns to Harper gave notice to those claiming under them of the right to the trees. The question of notice is not material. The contention would have force if there were any right to take notice of, that is, if there were an enforceable contract; but the contract is indefinite, giving no

right affecting a purchaser.  As we said in *Central Land Co.* v. *Laidley,* 32 W. Va. 139, if a paper is void, there is nothing of which to take notice.  Besides, those exceptions in those deeds are in themselves so vague that they do not give notice.  And they would not confer title on Nestor.  As we considered the vagueness of the papers decisive of the case, we did not deem it necessary to discuss matters peculiar to the case, as whether the contract was ever completed and signed, or whether the lapse of twenty-seven years would destroy the right to the timber, no time for taking it being fixed (55 L. R. A. 531) and whether any title passed under the contract until selection and marking of particular trees, and whether, before selection it could be said that the defendants cut any particular trees belonging to the plaintiffs.  Judge Tucker, in *McCoy* v. *Herbert,* 9 Leigh 548, said that the purchaser of a given number of trees could maintain no action before selection.