# CHARLESTON.

FREUDENBERGER OIL CO. v. FRED GARDNER *et al.*

Submitted October 17, 1916.    Decided October 24, 1916.

1. DEEDS—*Construction—Property Conveyed.*

   A deed conveying lands, unless an exception is made therein, conveys all the estate, right, title, and interest whatever, both at law and in equity, of the grantor in and to such lands.    (p. 48).

2. JUDICIAL SALES—*Conveyance—Effect.*

   The deed for lands made by a commissioner properly appointed by a court to execute the same, passes the whole title and interest in the lands sold and conveyed that was vested in the owner at the time of the sale. The same right, title, and interest passes by the commissioner's deed as would pass by a deed executed by the owner.    (p. 48).

Appeal from Circuit Court, Kanawha County.

Bill in equity by the Freudenberger Oil Company against E. A. Simmons and others. From the decree, Fred Gardner appeals.

*Reversed and remanded.*

*Conley & Johnson* and *J. L. Long,* for appellant.

*L. E. McWhorter* and *Linn & Byrne,* for appellees.

MASON, JUDGE:

This is an equity suit from the circuit court of Kanawha County. It was in this court once before: .75 W. Va. 337. On the former appeal this court construed what was known as the "Jarrett Reservation Clause" in certain deeds executed by Squire Jarrett to certain of his children, and held the

clauses to be effectual as exceptions, and that the effect of such exceptions was to leave the minerals in the land the property of the grantor. The question of the ownership of a one-sixth undivided interest in the oil, gas, coal, and other minerals in and under the tract known as No. 4, containing two hundred acres, which was conveyed by Squire Jarrett to his son, Squire G. Jarrett, on October 10, 1850, with the reservation of the oil, gas and other minerals, the title to which remained in Squire Jarrett, Sr., is involved in this appeal.

By the deed of Squire Jarrett, Sr., dated October 10, 1850, he conveyed to his son Squire G. Jarrett, a tract of land containing two hundred acres, describing it by metes and bounds, but excepting therefrom "all coal and other minerals." Some time after this deed was executed Squire Jarrett, Sr., died, and Squire G. Jarrett inherited an undivided sixth interest in said minerals, thus vesting in said Squire G. Jarrett title to all of the land except five-sixths undivided interest in the coal and other minerals. Squire G. Jarrett became financially involved, and this land was sold under a decree of court to pay his debts. At the commissioner's sale Henry Rummell became the purchaser of the said two hundred acre tract, designated in the proceedings as lot No. 4. The sale was made by J. W. Wingfield, special commissioner, pursuant to a decree made in the cause the 21st day of June, 1878; and a deed was executed by him to Rummell June 29, 1881. The description of the property conveyed as to this tract is as follows: "The following real estate, situate in the county of Kanawha and bounded and described as follows, a tract of two hundred acres of land on the waters of Potato Creek, a tributary to Elk River, the same being the tract of land that was conveyed to S. G. Jarrett by Squire Jarrett & wife by deed bearing date October 10th, 1850, and of record in the Clerk's Office of the County Court of Kanawha County in Deed Book 2, page 354." No reference is made in this deed to the one-sixth interest in the minerals contained in this land.

Appellant's contention is that all of the interest in said tract of land belonging to Squire G. Jarrett at the time it was sold at the judicial sale, including the one-sixth undivided interest in the oil, gas and other minerals inherited from his father,

passed to the purchaser, Henry Rummell, by the special commissioner's deed of June 29, 1881, and that the same passed from Henry Rummell to this appellant, Fred Gardner, by deed of general warranty dated December 14, 1904, and that Fred Gardner was the owner thereof at the time the circuit court entered the decree complained of, October 9, 1915. The circuit court denied Gardner's title to the one-sixth undivided interest in the oil, gas and other minerals in and produced from this tract of land.

From the decree of the circuit court depriving Gardner of the one-sixth interest in said oil, gas and other minerals in said tract, this appeal was obtained, and this is the only question arising on this record.

It is conceded that Squire G. Jarrett owned all this tract of land except the five-sixth undivided interest in the minerals, at the time of the sale. Suppose this deed had been made by Squire G. Jarrett instead of by the special commissioner, it would have conveyed all his interest. Section 1, chapter 72 of the Code, prescribes the form of deed to be used in such cases; and section 2 says: "Every such deed, conveying lands, shall unless an exception be made therein, be construed to include all the estate, right, title, and interest whatever, both at law and in equity, of the grantor, in or to such lands." The deed of a special commissioner has the same effect to pass all the title of the party for whom the land is conveyed as if such party had executed it himself, as will be seen by reference to section 4, chapter 132 of the Code, which reads as follows: "A court of law or equity, in a suit in which it is proper to decree or order the execution of any deed or writing, may appoint a commissioner to execute the same; and the execution thereof shall be as valid to pass, release, or extinguish the right, title, and interest of the party on whose behalf it is executed, as if such party had been at the time capable in law of executing the same and had executed it." See *Hall* v. *Hall*, 12 W. Va. 1, point 4 of the syllabus.

The contention on the part of the appellees is fully stated in the commissioners' report as follows: "Your commissioners are of opinion, and so find and report, that when Squire Jarrett, Senior, conveyed the surface of the said tract of

200 acres of land to Squire G. Jarrett reserving and excepting the minerals therein, he made a severance of the estate and created thereby two distinct estates, one of surface and the other of minerals. And that the subsequent conveyance of the Squire G. Jarrett interest by said special commissioner to Rummell and by Rummell to Gardner of the tract of 200 acres of surface, did not pass the title to the other distinct estate—the mineral interest,—either in said 200 acres, or in the residue of the land comprising the said 'Jarrett Reservation'.'' This report was excepted to, the exceptions overruled, and the report confirmed by the decree now complained of.

The commissioners and the court overlook the fact that the minerals are contained in the land conveyed, and until severed are parts of the land. The ''tract'' of land was sold and conveyed. This embraced everything not excepted. The reference to the deed of October 10, 1850, was for the purpose of identifying and describing the land sold and not of defining the estate of Squire G. Jarrett therein. There was sold and conveyed by the commissioner all the right, title, and interest of Squire G. Jarrett in the land, which was the entire estate except a five-sixth undivided interest in the minerals.

It follows that the decree of the circuit court will have to be reversed, and this court proceeding to make such decree as the circuit court should have made, will enter an order sustaining the exceptions to the report of the commissioners, reversing the decree of the circuit court and decreeing the said Fred Gardner to be the owner of the one-sixth interest in the oil, gas and other minerals in and under said two hundred acres of land, and remanding the cause to the Circuit Court of Kanawha County with direction to ascertain the net amount of the money in the hands of the receiver or otherwise under control of the court and to disburse to Gardner his proportion of the money in the hands of the receiver of said court or which shall come into his hands, arising from the sale, rents, issues and profits of the oil and gas in said lands, which portion is the one-sixth part thereof.

*Reversed and remanded.*