# CHARLESTON.

## LIZZIE MLILER v. ROBERT NIXON.

Submitted January 17, 1922.    Decided January 24, 1922.

1. *Deeds—Land Expressly Conveyed by One Part of Deed Not Excepted by Uncertain Clause in Another Part.*

   A portion of a tract of land expressly conveyed by one part of a deed is not excepted from the conveyance, by an uncertain clause or provision found in a subsequent part of the instrument. To effect such a result, the terms of the subsequent clause must be as certain and definite as the granting clause or provision. (p. 122).

2. SAME—*Land within Proposed Area Held Not Excepted from Deed by Metes and Bounds.*

   A clause in a deed by which land is conveyed by metes and bounds, to the center of a proposed alley in a section not actually divided into town lots, but adjoining land so divided, providing as follows: "Saving and reserving, however, that portion of the land above mentioned, which is necessary to conform to the Official Map as mentioned above, as far as the same pertains to the streets and alleys as set out thereon, dedicating to public use the alley only;" supplemented by another saying: "For further description of the land hereby conveyed, reference is hereby made to the drawing attached hereto, and made a part hereof," and the drawing itself on which the land lying outside of the alley is marked "Tract conveyed" and that inside, "Portion reserved;" read in connection with the express grant to the center of the alley and the rule of interpretation above stated, is construed as not having excepted from the grant the land within the proposed alley, but as having so limited the conveyance thereof, as to make it pass the title thereto to the grantee, subject to a public easement over it for alley purposes. (p. 119).

Error to Circuit Court, Cabell County.

Action by Lizzie Miller against Robert Nixon. Judgment for defendant and plaintiff brings error.

*Reversed and judgment rendered.*

*D. B. Daugherty,* for plaintiff in error.

*Chas. S. Welch* and *Vinson, Thompson, Meek & Renshaw,* for defendant in error.

POFFENBARGER, PRESIDENT:

Correctness of the finding and judgment of the Circuit Court, for the defendant, in an action of ejectment for the recovery of the possession of a ten foot strip of land, lying within the City of Huntington, entered on a submission of the case to the court in lieu of a jury, upon an agreed statement of facts, is challenged by this writ of error.

The issue turns almost entirely upon the interpretation of the deeds under which the parties claim, in the light of other deeds conveying related properties and executed by their common grantor and his predecessor in title. Those involved directly and indirectly were conveyed out of a long narrow strip of land lying between Ninth Street in what was formerly the town of Central City, on the west, and a tract of land known as the Johnston land on the east. In the north end of that strip, there is a piece of land known as the Parsons property, bordering at the southeast on an old county road which ran diagonally across the strip. The land in the strip exclusive of that Parsons tract seems to have been divided by the Huntington and Kenova Land Development Company, its owner, into what were called Blocks Nos. 43, 44 and 45. Lying just across the old road from the Parsons tract, there was a triangular piece of land which seems to have belonged to Block No 43.

By a deed dated, June 1, 1893, the Huntington and Kenova Land Development Company conveyed to Etta E. Parsons, wife of W. J. Parsons, the triangular parcel just mentioned, by a particular description which places the beginning corner at a stake in the center of the alley where the alley between Monroe and Madison Avenues intersects the eastern line of Ninth Street as laid down on the official map of Central City, made by George E. McKendree, Engineer, a copy of which was filed in the Clerk's Office of the County Court of Cabell County. At that time, there was no alley through the strip from Ninth Street to the Johnston land, but there was a 20 foot alley opening into that street on the west side thereof and between Monroe and Madison Avenues of Central City. A drawing attached to the deed indicat-

ed a proposed alley through it to the Johnston land, constituting a continuation of the alley ending on the other side of the street. Recitals in the deeds suggest indication of the proposed alley on the Central City map. The stake referred to, therefore, as the beginning corner must have been located in the middle of such alley. From that point the boundary line ran northwest 236.8 feet to the Johnston line; thence with the Johnston line N. 14° east 5.42 feet to a stake; thence N. 76° west 98.75 feet to a stake in the west line of the old county road; thence along that line to its intersection with Ninth Street; thence S. 18° east 388.35 feet to the place of beginning. There is a clause in the deed, however, upon which the defendant relies as having excepted part of the land embraced in the description.

By a deed dated, May 12, 1897, the Huntington and Kenova Land Development Company conveyed the remainder of the strip to George F. Miller and J. S. Perry, by a particular description which places the beginning point on Ninth Street at the southwest corner of the part of Block No. 43, theretofore conveyed to Etta E. Parsons. From that point the line ran with the street to the right of way of the Chesapeake & Ohio Railway; then with said right of way to the Johnston line; then with the Johnston line to a point "On the north side of the proposed alley, which on said map is located through said block No. 43, being a corner of the W. J. Parsons line, and thence with the said Parsons line to the beginning." It is admitted that the use of the name Warren J. Parsons is an error and that the prior conveyance referred to in the description is the one made to Etta E. Parsons. From the land so described, the deed excepted lots 1 and 3 of block No. 45 lying in the south end of the strip next to the railroad right of way, as having been conveyed to A. H. Evans. In August, 1897, J. S. Perry conveyed his interest to his cotenant George F. Miller.

By a deed dated, October 3, 1902, Miller conveyed an acre of the land adjoining the Parsons lot to Maud J. Daugherty, by a particular description which places the beginning point at the intersection of the W. J. Parsons south line and the Johnston line, and makes the first line run thence with

the W. J. Parsons line, in a westerly direction and at right angles with Ninth Street, 236.83 feet to the east line of Ninth Street. From that point the line runs south with Ninth Street 189.4 feet to a stake; then at right angles with Ninth Street, 223.8 feet to the Johnston line; and then with the Johnston line to the place of beginning. By a deed dated, May 9, 1904, Miller conveyed another acre adjoining the Daugherty lot to Cyrus Miller and Lizzie Miller his wife. The frontage of that lot on Ninth Street is 199.3 feet. Its northern boundary is the Daugherty lot, wherever that may be. By a deed dated, August 31, 1904, Miller conveyed what was estimated to be another acre lying south of the Miller lot, to Rebecca A. Booth, by a particular description which places the beginning corner on Ninth Street, ''338.7 feet from the southwest corner of W. J. Parsons proper;'' and then proceeds as follows: ''thence along the west side of Ninth Street 214.13 feet to a stake; thence at right angles, parallel to the Parsons property, also to the Henry Evans property, on the south, east 195.42 feet to a stake in the line of Johnston land; thence northerly 225 feet to a stake; thence west 210.1 feet to the place of beginning.'' It is to be observed that the beginning corner of this lot was located with reference to the southwest corner of the Parsons lot. In its description, there is no reference to the Miller lot adjoining it on the north, nor to the Daugherty lot lying between the Parsons and Miller properties.

Having acquired the Booth title and claiming that the location of the southern line of the Parsons lot coincides with the north line of the proposed alley, instead of the center line thereof, the defendant entered into possession of the ten foot strip of land which the plaintiff claims is embraced in her deed. Both parties to the action and the court below concurred in the view that location of the southern line of the Parsons tract is conclusive of the issue raised. If that line is coincident with the north line of the proposed alley, the defendant prevails and the finding and judgment of the court below are correct. If, on the other hand, that Parsons line coincides with the middle of the proposed alley, the right is with the plaintiff and the judgment is erroneous.

The stipulation upon which the case was submitted makes the title papers above referred to part of the record, and includes the drawing referred to in the deed from the Huntington and Kenova Land Development Company to Parsons. It is also agreed that at the time of the conveyance from Miller to Maud J. Daugherty, a fence stood in the middle of the proposed alley which remained in use as the line between the Parsons and Daugherty properties, until June 1915, and at the time of Mrs. Daugherty's purchase the engineer in surveying her lot measured from that fence. In June, 1915, the fence was removed to the north side of the alley by Parsons and Daugherty.

. To sustain his contention, the defendant relies upon the drawing referred to in the deed to Parsons, that part of the description in the deed from the Huntington and Kenova Land Development Company to Miller and Perry calling for ''A point on the north side of the proposed alley'' on the Johnston line, and ''thence with said Parsons line to the beginning,'' and a clause purporting to except a ten foot strip out of the southern part of the tract described. The drawing or plat referred to by the deed to Parsons discloses land marked off, as if for an alley 20 feet wide and running through to the Johnston line. It is indicated by its north and south lines, between which there is another line indicating its center. Between the middle and north lines, these words appear, ''Portion reserved,'' and, on the part of the tract outside of the alley, as represented on the drawing, are found the words, ''Tracts conveyed.'' The clause relied upon as having effected an exception from the land included in the boundaries of the Parsons deed set forth in the description, reads as follows: ''Saving and reserving, however, that portion of land above mentioned, which is necessary to conform to the Official Map as mentioned above, as far as the same pertains to the streets and alleys as set out thereon, dedicating to public use the alley only.''

If the clause just quoted were not in the deed, the contention of the plaintiff could well be sustained, notwithstanding the call in the deed to Miller, for the north line of the proposed alley. In that case, the deed to Parsons would neces-

sarily include the north half of the alley, and the subsequent deed to Miller and Perry, in so far as it purports to convey that part of the alley, would be erroneous and void. Moreover, none of the subsequent deeds made by Miller to Daugherty, Cyrus and Lizzie Miller and Booth refer to the deed to Miller and Perry, in the descriptive portions thereof. Of these, the first calls for the south line of the Parsons lot, the second, for the south line of the Daugherty lot and the third, for the beginning point on Ninth Street, 388.7 feet from the Parsons corner. Hence, the erroneous call in the deed to Miller and Perry would not constitute any part of the description of any one of the three lots subsequently conveyed by Miller. The tier of lots they constitute would commence with the center of the alley.

But the excepting clause in the Parsons deed may constitute an insurmountable obstacle to the claim made by the plaintiff. Although the description of the Parsons lot, by metes and bounds, includes the north half of the alley, the Parsons line is limited to the north line of the alley, if the alley shown on the drawing attached to the deed and by the official map of the town of Central City referred to in the deed, is excepted. Considered alone, this clause seems to except the north half of the alley and then to qualify the exception by dedication thereof to the public and this view is emphasized by the subsequent clause and the drawing attached to the deed and made a part thereof; for the drawing shows the Parsons land north of the alley was designated the "Tract conveyed," and the north half of the alley the "Portion reserved." If the description by metes and bounds were affected only by the reference to the drawing and the drawing itself, it would not be limited to the north line of the alley; but the other clause "Saving and reserving * * * * that portion of the land above mentioned," that is necessary to conform to the Official Map, as far as it pertains to the alley indicated thereon, and dedicating the alley to public use, read in connection with the drawing and reference, may so limit it. That depends upon determination of the scope of the words "Saving and excepting." They include the ten foot strip, or north half of the alley. But whether they

exclude it from the conveyance absolutely or only qualifiedly is the crucial question.    They cut it out absolutely, if they are not limited in meaning by what follows them.    The meaning of the phrase, "as far as the same pertains to the streets and alleys as set out thereon", depends upon the identity of the antecedent of "same."    If it is the word "map" the phrase does not limit the words of exception, but qualifies map.    Its use was not necessary to express any relation between the map and its own contents of which the streets and alleys constituted a part.    To give it any necessary or effective meaning or operation, the phrase must be connected with the words of exception, by making "portion" the antecedent of "same."    So treated, it makes the clause operate as if it read "Saving and reserving the north half of the alley as far as it pertains to the streets and alleys shown on the official map, and dedicating it to public use, along with the south half, it being necessary to do so to make the conveyance conform to the official map."    This also puts the phrase, "which is necessary to conform to the Official Map" in its proper relation and connection, for it manifestly qualifies "portion," and signifies intent to subject that portion to the requirement of the map, for an alley at the place indicated by the drawing.    Use of the word, "necessary," in that phrase suggests the intent of the exception.    The north half was excepted only on the ground of necessity, necessity to conform.    Here we have the occasion of the exception.    Ordinarily, a thing done upon necessity is limited to the necessity, and the limitation of the extent of the exception is naturally and logically found in the phrase "as far as the same (the excepted portion) pertains to the streets and alleys."    Finally, some function must be assigned to the phrase, "dedicating to public use the alley only."    It goes back to the grantor. Nobody else could dedicate, and the phrase applies to the entire alley. Only the alley is dedicated. The other part of the land is conveyed without any burden on it.    If it does not indicate the sense of all that precedes it, no purpose can be found for it in the deed.    There is no formal dedication. It arises only out of the conveyance of the land to the center of the alley and a limitation of the grant, so as to subject the

southern ten feet of it to a public easement. The notations on the plat referred to in the deed do not preclude, nor strongly militate against, this interpretation. Part of the land was conveyed absolutely and the other qualifiedly or under an encumbrance in favor of the public. "Conveyed" and "Reserved" may not accurately express the distinction, but they are susceptible of the interpretation we give them.

Even though this conclusion may not be impregnable, the analysis of the clause, here made, discloses clearly and beyond question a lack of certainty, sufficient to condemn it as an absolute exception from the grant expressly made. A part of a tract of land clearly granted by one part of a deed is not excepted by an uncertain clause or provision found in a subsequent part of the instrument. An exception must be as certain and definite in its terms as a grant. *Harding* v. *Jennings,* 68 W. Va. 354; *Parsons etc. Oil Co.* v. *McCormick,* 68 W. Va. 604; *Deer Creek Lumber Co.* v. *Sheets,* 75 W. Va. 21; Jones, Real Prop. "Conveyancing", sec. 519; Warvelle, Vendors, sec. 468; 8 R. C. L. p. 1094.

Upon these principles and conclusions, the judgment and finding complained of will be reversed and set aside and judgment for the plaintiff entered here.

*Reversed and judgment rendered.*