BERT BENNETT

*v.*

WILLIAM WINTER SMITH

(No. 10406)

Submitted January 15, 1952. Decided February 19, 1952.

904

*Wyatt & Randolph,* for appellant.

*Creed S. Simons,* for appellee.

HAYMOND, JUDGE:

This proceeding was instituted in the Circuit Court of Harrison County in August, 1950, to obtain a declaratory judgment to ascertain the meaning and the effect of various provisions in certain deeds and to determine the ownership of an undivided one half interest in coal underlying a tract of 36.9 acres of land, which interest is claimed by the plaintiff Bert Bennett and also by the defendant William Winter Smith. From a final judgment entered April 24, 1951, which declared the plaintiff to be the owner of the undivided interest in the coal involved, the defendant prosecutes this appeal.

The case was heard upon the bill of complaint of the plaintiff and the exhibits filed with it, the answer of the defendant, and a written agreed statement of facts entered into and signed by counsel respectively representing the plaintiff and the defendant.

Some time prior to June 10, 1921, Lloyd L. Smith, being seized and possessed of two tracts or parcels of land containing 241.49 acres and 116 acres, more or less, respectively, died intestate in Harrison County leaving surviving him Ice W. Smith, his widow, and Elizabeth W. McCord and the defendant William Winter Smith as his two children and sole heirs at law. By an interpartes deed dated June 10, 1921, between Ice W. Smith, Elizabeth W. McCord and William Winter Smith and Mary Louise Smith, his wife, the lands of Lloyd L. Smith, except the coal and the oil and the gas within and underlying them, were partitioned and divided among Ice W. Smith, Elizabeth W. McCord and William Winter Smith in severalty

and in fee simple. In the partition thus effected, in addition to other tracts of land not involved in this proceeding, the defendant William Winter Smith was assigned and granted the interests and the estates of Ice W. Smith and Elizabeth W. McCord, in two tracts of land designated as Lot No. 4, containing 36.9 acres, and Lot No. 6, containing 44.56 acres, except the coal and the oil and the gas within and underlying those two tracts. Each of the two tracts of land was particularly described by metes and bounds in the interpartes deed of June 10, 1921, which, with respect to the coal and the oil and the gas, contained this provision: "It is expressly understood and agreed by and between all the parties to this deed that all the coal, oil and gas within and underlying all of the several tracts and parcels of land above described is not partitioned and divided and the same is excepted and reserved from each of the several above conveyances and is to be held and owned in common by all the parties hereto."

The undivided one half interest in the coal, within and underlying Lot No. 4, containing 36.9 acres, inherited by the defendant William Winter Smith from his father, Lloyd L. Smith, which interest is now claimed by each of the parties to this controversy, is the coal involved in this proceeding; and Lot No. 4 is particularly described in the interpartes deed in these terms: " (A) Lot No. 4 as shown on the plat above mentioned which is bounded as follows: Beginning at a post, corner to lot No. 2, and running thence S. 17 E. 351 feet to corner of lot No. 3; thence with line of lot No. 3 and lot No. 5 S. 43° 45' W. 1843 feet to a stone on flat thence S. 85½ W. 485 feet to a stone; thence N. 60¼ W. 836 feet to a stone; thence N. 16 E. 143 feet to a stake in line of Willa V. Stone; thence N. 89 E. 152 feet to a dead chestnut; thence N. 89 E. 229 feet to a post; thence N. 61½ E. 196 feet to a post; thence N. 13 E. 126.17 feet to a C. O.; thence N. 88½ E. 422.63 feet to a stone; thence N. 31¼ E. 351.2 feet to a post; thence N. 58 E. 540.8 feet to a stake; thence N. 51 3/4 E. 241 feet to a stone; thence N. 68° 45' E. 520 feet to the beginning, containing 36.9 acres."

By deed dated May 20, 1931, the defendant William Winter Smith conveyed to his wife, Mary Louise Smith, with covenants of general warranty, Lot No. 4 containing 36.9 acres and Lot No. 6 containing 44.56 acres. The particular descriptions of Lot No. 4 and Lot No. 6 in this deed from the defendant to his wife are identical with the descriptions of each of those lots in the interpartes deed. The deed from the defendant to his wife contains no express exception or reservation of the coal or the other minerals underlying either of the two tracts but immediately following the description of Lot No. 6 does contain this provision: "said tracts or parcels of land being two of the same tracts or parcels of land that were conveyed to William Winter Smith by Ice W. Smith and Elizabeth W. McCord, by deed dated the 10th day of June, 1921, and of record in the office of the Clerk of the County Court of Harrison County, in Deed Book No. 320, page 131, to which deed reference is here made by way of further description." Subsequently, by deed dated September 28, 1940, Mary Louise Smith, referred to as single, conveyed Lot No. 4 and Lot No. 6 to the plaintiff, Bert Bennett, Jr., with covenants of general warranty but subject to a vendor's lien upon Lot No. 4 retained in the deed to secure certain installments of unpaid purchase money. In this deed the particular description of each of the lots conveyed is identical with the description of each of them in the interpartes deed. This deed likewise contains no express exception or reservation of the coal or the other minerals underlying the lands conveyed, but immediately following the description of Lot No. 6 does contain this provision: "said two tracts or parcels of land hereby conveyed being the same land that was conveyed to the said Mary Louise Smith by William Winter Smith, by deed bearing date on the 20th day of May, 1931, and of record in the County Clerk's Office of said Harrison County in Deed Book No. 423, at Page 32, to which deed reference is here made." Each of the three foregoing deeds was duly admitted to record in the office of the Clerk of the County Court of Harrison County prior to the institution of this proceeding.

The plaintiff, claiming ownership of the undivided interest in the coal in controversy under the deed from the defendant William Winter Smith to Mary Louise Smith, dated May 20, 1931, and her deed to the plaintiff, dated September 28, 1940, contends that as neither deed expressly excepted or reserved the coal the undivided one half interest in the coal inherited by the defendant William Winter Smith was conveyed to Mary Louise Smith and by her to the plaintiff by those deeds, and that neither the reference in the deed from the defendant William Winter Smith to Mary Louise Smith to the interpartes deed "by way of further description" nor the reference in the deed from Mary Louise Smith to the plaintiff to the deed from the defendant William Winter Smith to Mary Louise Smith incorporated in either deed the exception or the reservation of the coal and the other minerals contained in the interpartes deed. On the contrary, the defendant insists that the reference in the deed from him to Mary Louise Smith to the interpartes deed and the reference in the deed from Mary Louise Smith to the plaintiff to the deed from the defendant William Winter Smith to Mary Louise Smith incorporated in each of those deeds the exception and the reservation of the coal and the other minerals contained in the interpartes deed, and operated to except and reserve the coal from each of those subsequent conveyances.

In support of his contention that the foregoing references in the deeds from the defendant William Winter Smith to Mary Louise Smith and the deed from Mary Louise Smith to the plaintiff operated to except and reserve the coal and prevented title to it from passing to each grantee, the defendant cites and relies upon the cases of *Thomas* v. *Young,* 93 W. Va. 555, 117 S. E. 909, and *Hope Natural Gas Company* v. *Reynolds,* 126 W. Va. 580, 30 S. E. 2d 336.

In the *Thomas* case the effect of certain provisions in several deeds under which the defendant claimed title to coal underlying two contiguous tracts of land, one containing 21 acres and the other containing 11 acres, both of

which were a part of a larger tract of 84 3/4 acres, was involved. A deed from Lena M. Franklin to the defendant, for the tract of 21 acres contained a general description of the land and covenants of general warranty but no exception or reservation. It referred to an earlier deed made by Young, a prior owner, to a man named Jenkins, without stating the purpose of the reference. The deed referred to, from Young to Jenkins, described the tract by metes and bounds and reserved all the minerals that were reserved in a prior deed made by a man named Bruen. In the deed made by Bruen a larger tract containing 84 3/4 acres, of which the 21 acre tract was a part, was described by metes and bounds and the coal and the iron minerals were excepted and reserved. As to the 21 acres this Court adopted the view that the reference to the deed from Young to Jenkins incorporated in the deed from Franklin to the defendant the exception and the reservation of the coal and the minerals mentioned and contained in the prior deeds, and that the deed from Franklin to the defendant did not convey to him the title to the coal. The 11 acre tract, also a part of the 84 3/4 acres included in the Bruen deed, was generally described in the deed from Franklin to the defendant as a tract of 11 acres and 67 square poles which was conveyed to Young by Jenkins. The deed from Franklin to the defendant contained covenants of general warranty but no exception or reservation. The deed from Young to Jenkins, which was referred to in the deed from Franklin to the defendant, described the tract of 11 acres and 67 square poles by metes and bounds and as a part of a survey of 84 3/4 acres patented to Bruen. That deed also contained no exception or reservation. As to the 11 acre tract this Court took the position that the reference to the survey of 84 3/4 acres in the deed from Young to Jenkins did not have the force or the effect of a reservation or incorporate in that deed the exception and the reservation of the coal and the minerals contained in the Bruen deed for the 84 3/4 acres, and that the coal was not excepted or reserved in the deed from Franklin to the defendant.

The holding in the *Thomas* case as to the effect of a reference in a deed containing a general description of land to a prior deed containing a particular description of land, is stated in point 3 of the syllabus in these words: "And where reference is made in a deed containing only a general description of the land, to a prior deed, which contains a description by metes and bounds, for the purpose of describing the land intended to be conveyed, and in such prior deed following the description there is a reservation or exception of the coal and iron minerals underlying the land described both the description by metes and bounds and the reservation or exception are deemed to be incorporated in the deed in which the reference is made, and may be looked to to determine the property thereby conveyed."

In the *Hope Natural Gas Company* case a prior deed apparently containing a particular description of a tract of 176 acres of land, excepted and reserved oil and gas which were held by the grantors and the grantee as coparceners. The grantee, who had inherited one third of the oil, subsequently executed a deed of trust upon the land, particularly describing it, which contained no reservation of oil and gas but which referred to the prior deed "for more particular description and for derivation of title." This Court reached the conclusion that the reference in the deed of trust to the prior deed adopted the language of the prior deed and did not convey title to oil and gas to the trustee in the deed of trust but amounted to an exception of those minerals from the operation of the deed of trust.

In the *Thomas* case and the *Hope Natural Gas Company* case this Court went a long way in concluding that the references in the deeds involved in those cases to prior deeds containing exceptions and reservations incorporated the exceptions and the reservations of the prior deeds in the subsequent conveyances. However that may be, the holding in the *Thomas* case, with respect to the 21 acre tract, and the holding in the *Hope Natural Gas*

*Company* case, are clearly distinguishable from and are not applicable to the references in the deeds involved in the case at bar.

As already pointed out the deeds from the defendant William Winter Smith to Mary Louise Smith and from her to the plaintiff for Lot No. 4 contained particular descriptions of that parcel of land and those descriptions are identical with the description contained in the interpartes deed. For that reason, there was no necessity for the reference in the deed from the defendant to Mary Louise Smith to the interpartes deed for any further description of the 36.9 acres conveyed by that deed, and the plain purpose of the reference was merely to indicate or identify the source of the title held by the defendant, the grantor in that deed. The same comment applies to the reference made in the deed from Mary Louise Smith to the plaintiff to the deed from the defendant William Winter Smith to Mary Louise Smith. Unlike the two deeds just mentioned, the deed under which the defendant in the *Thomas* case claimed the 21 acre tract contained only a general description of the land mentioned in that deed and, for the purpose of sufficiently describing the land and the estate conveyed, referred to a prior deed which contained a particular description of the land and a reservation of the minerals reserved in an earlier deed from Bruen to the grantor and mentioned the Bruen deed in which the coal and the iron minerals were excepted and reserved. As previously indicated the decision in the *Thomas* case that a reference, in a subsequent deed containing only a general description, to a prior deed containing a particular description and an exception and a reservation, incorporates in such deed both the particular description and the exception and the reservation, is based primarily upon the existence of a general description, rather than a particular description, in the subsequent deed, which rendered necessary or proper the reference to the prior deed for the purpose of incorporating in the subsequent deed the description and the exceptions and the reservations contained in the prior deed. On that

ground the holding in the *Thomas* case, with respect to the 21 acre tract there involved, is distinguishable from the case at bar.

In the *Hope Natural Gas Company* case, a deed of trust which contained a particular description of the land conveyed but did not except or reserve the oil or the gas, referred to a prior deed, which contained a particular description of the same land and an exception and a reservation of the oil and the gas but which referred to the prior deed "for more particular description and for derivation of title." The quoted provision of the deed of trust referring to the prior deed is much broader than the reference contained in the deed from the defendant William Winter Smith to Mary Louise Smith or that in the deed from Mary Louise Smith to the plaintiff. As the prior deed and the deed of trust in the *Hope Natural Gas Company* case each contained a particular description of the land involved there was no necessity to refer to the prior deed "for more particular description", and those words merely indicate the source of the title of the grantor. The additional words "for derivation of title", however, appear to have been used for the purpose of indicating the estate conveyed by the deed of trust and, together with words "for more particular description", had the effect of incorporating in the deed of trust the exception and the reservation of the oil and the gas in the prior deed. The broader scope of the reference in the deed of trust, which relates to the estate acquired and owned by the grantor, under the prior deed, differentiates the force and the effect of the reference in the deed of trust from that of the reference to the interpartes deed in the deed from the defendant William Winter Smith to Mary Louise Smith and the reference in the deed from Mary Louise Smith to the plaintiff to the deed from the defendant William Winter Smith to Mary Louise Smith.

The reference in the deed from the defendant William Winter Smith to Mary Louise Smith to the interpartes deed by way of further description and the reference in the deed from Mary Louise Smith to the plaintiff to the

deed from the defendant William Winter Smith to Mary Louise Smith, are clear and unambiguous. Neither of them is necessary for a complete or sufficient description of the land conveyed by either deed, and neither of them operated to incorporate in either deed an exception or a reservation of the coal within and underlying the lands particularly described in each of those deeds. The failure of the grantor in each deed to incorporate an exception or a reservation of the coal is significant and indicates a lack of intention in the grantor to except or reserve the coal. If the grantor in each deed had intended to except or reserve the coal, he or she could, and presumably would, have done so by an apt provision to that effect. The rule is firmly established in this jurisdiction that an exception or a reservation, to be effective, must be as certain and as definite in its terms as a grant. *Miller* v. *Nixon,* 90 W. Va. 115, 110 S. E. 541; *Harding* v. *Jennings,* 68 W. Va. 354, 70 S. E. 1; *Parsons and Sweeney Oil Company* v. *McCormick,* 68 W. Va. 604, 70 S. E. 371. In point 2 of the syllabus in *Harding* v. *Jennings,* 68 W. Va. 354, 70 S. E. 1, this Court held that: "An exception in a deed conveying land must describe the thing excepted with legal certainty, so as to be ascertained, else the thing sought to be excepted will pass to the grantee." To except or reserve any part of, or any estate in, land granted by a deed, a provision in the deed for that purpose must be as certain and as definite as an effective granting clause in such deed. *Miller* v. *Nixon,* 90 W. Va. 115, 110 S. E. 541. As neither the deed from the defendant William Winter Smith to Mary Louise Smith nor the deed from Mary Louise Smith to the plaintiff contained any exception or reservation of the coal, and as the reference in each of them to a prior deed did not incorporate in either deed the exception or the reservation of the coal contained in the interpartes deed, the coal owned by the grantor was not excepted or reserved but passed to the grantee in each deed.

As previously stated, the reference in the deed from William Winter Smith to Mary Louise Smith to the inter-

partes deed and the reference in the deed from Mary Louise Smith to the plaintiff to the deed from William Winter Smith to Mary Louise Smith are clear and unambiguous. If, however, the reference in each of those deeds could be said to be ambiguous and susceptible of two constructions, the effect of each deed in passing title to the coal to the grantee in each would be the same. In case such ambiguity existed in the references in each of those deeds to a prior deed, the rule that if there is ambiguity in a deed, or if it admits of two constructions, the construction which is most favorable to the grantee will be adopted, would apply. That rule is recognized by many decisions of this Court, *Weekley* v. *Weekley,* 126 W. Va. 90, 27 S. E. 2d 591, 150 A. L. R. 689; *Realty Securities and Discount Company* v. *National Rubber and Leather Company,* 122 W. Va. 21, 7 S. E. 2d 49; *Paxton* v. *Benedum-Trees Oil Company,* 80 W. Va. 187, 94 S. E. 472; *Deer Creek Lumber Company* v. *Sheets,* 75 W. Va. 21, 83 S. E. 81; *Chapman* v. *Mill Creek Coal and Coke Company,* 54 W. Va. 193, 46 S. E. 262; *Williams* v. *South Penn Oil Company,* 52 W. Va. 181, 43 S. E. 214, 60 L. R. A. 795; and, if applicable to the deed from the defendant William Winter Smith to Mary Louise Smith or the deed from her to the plaintiff, would operate to pass the title to the coal to the grantee in each of those deeds.

The judgment of the Circuit Court, being free from error, is affirmed.

*Affirmed.*