G & W Auto Center, Inc.

*v.*

Michael J. Yoursco, *et al.*

(No. 14351)

Decided July 17, 1981.

*Jerald E. Jones, Jones, Williams, West & Jones,* for appellants.

*Charles G. Johnson, Johnson & Johnson,* for appellee.

Per Curiam:

This appeal by Michael J. Yoursco and his wife involves the interpretation of a deed conveying to them real estate located in Harrison County. Before the execution of the deed the property involved had been leased, and rents had been reserved by the then owner. Subsequently, but before the conveyance in question, those rents had been assigned to Naomi Cunningham. The question presented to the circuit court was whether the deed conveying the property to the Yourscos excepted from its operation the rents

reserved in the prior lease. The court held that it did and that Naomi Cunningham was entitled to the rents even though she joined in the conveyance. We conclude that the circuit court erred in so ruling, and we reverse the court's decision.

By lease and agreement dated April 11, 1944, Paul Southern, Bonnie Southern and Fred D. Southern, the owners of the two parcels of land in Harrison County, leased the parcels to West Fork Collieries, Inc. The lease provided for the construction of a tipple on the property and required the lessee to pay Fred D. Southern one cent ($.01) for every ton of coal loaded into railroad cars over the tipple.

The appellee, G. & W. Auto Center, Inc., purchased all the rights of the West Fork Collieries Company under the lease, and by assignment dated October 20, 1960, Fred D. Southern assigned his entitlement to rent to his daughter, Naomi Cunningham. Subsequently Fred D. Southern died, and Naomi Cunningham inherited a part interest in the fee upon which the lease had been placed.

On November 13, 1974, Naomi Cunningham and others executed the deed at the heart of this controversy. It conveyed the property involved in fee simple with a covenant of general warranty to the Yourscos and contained this provision:

> "This conveyance is made subject to all reservations, restrictions, covenants and conditions contained in prior deeds conveying said property."

After execution of this deed the lessee, G. & W Auto Center, continued to make the royalty payments to Naomi Cunningham. Later the Yourscos discovered the lease arrangement and demanded that the royalty payments be made to them. Upon learning of the Yourscos' demands, G & W Auto Center, Inc., instituted this action for declaratory judgment to determine who should receive the payments.

Entitlement to the rent involved in this case depends first upon whether the granting clause in the 1974 deed was adequate *to transfer* the grantors' interest in the leasehold. If it did, then the second question is whether the general

excepting clause quoted above was adequate to except Naomi Cunningham's interest in the lease from the deed conveyance.

*W.Va. Code*, 36-1-11, [1931] provides:

"When any real property is conveyed or devised to any person, and no words of limitation are used in the conveyance or devise, such conveyance or devise shall be construed to pass the fee simple, or the whole estate or interest, legal or equitable, which the testator or grantor had power to dispose of, in such real property, unless a contrary intention shall appear in the conveyance or will."

In *Freudenberger Oil Co. v. Gardner*, 79 W.Va. 46, 90 S.E. 815 (1916) we recognized that under this statute a deed conveying land, in the absence of an exception to the contrary, passes the entire interest to the grantor. In *Freudenberger* the interest conveyed consisted of the entire surface of the land and a part interest in the minerals which were acquired at a later time. There was no specific reference made in the deed to the minerals estate, and we set this rule in Syllabus Point 1:

"A deed conveying lands, unless an exception is made therein, conveys all the estate, right, title, and interest whatever, both at law and in equity, of the grantor in and to such lands." Syl. pt. 1, *Freudenberger Oil Co. v. Gardner, supra.*

In an earlier case, *Turk v. Skiles*, 45 W.Va. 82, 30 S.E. 234, (1898) we concluded that not only a strict or technical interest in the land held by the grantor is conveyed by virtue of this statute but also an interest in something arising out of the land is conveyed. *Turk* involved a party who had conveyed property and reserved a vendor's lien. Subsequently, as an accommodation to his grantee, he joined with the grantee in giving a deed of trust to a third party. We held that his joining in the deed of trust passed his vendor's lien to the third party, and we stated in Syllabus Point 2:

"Such deed of trust, containing no words of limitation, operates under section 8, Chapter 71,

Code, and section 1, Chapter 72, *Id.*, to pass the whole estate or interest of the grantors in the land, including such lien, for the purposes specified in the deed of trust."

Clearly the rent involved in the case before us arises out of the land conveyed by Naomi Cunningham. Under the authority cited, the granting clause of the 1974 deed must be construed to transfer the rents as well as the surface of the property unless the general exception clause contained in the Cunningham deed to the Yourscos excepted them.

Our general rule of construction is that where it appears from the language of the deed that there is doubt as to whether the grantor intended to accept or reserve to himself an interest in the land conveyed, the question of interpretation will be solved in favor of the grantee. *Collins v. Stalnaker*, 131 W.Va. 543, 48 S.E.2d 430 (1948); *see, Swope v. Pageton Pocahontas Coal Co.*, 129 W.Va. 813, 41 S.E.2d 691 (1947); *Realty Securities Discount Co. v. National Rubber & Leather Co.* 122 W.Va. 21, 7 S.E.2d 49 (1940); *Miller v. Nixon*, 90 W.Va. 115, 110 S.E. 541 (1922).

We have also held that:

"In order to create an exception or reservation in a deed which would reduce a grant in a conveyance clause which is clear, correct and conventional, such exception or reservation must be expressed in certain and definite language." Syl. pt. 2, *Hall v. Hartley*, 146 W.Va. 328, 119 S.E.2d 759 (1961).

In view of this, a general reservation or exception made in a deed as to those matters contained in prior deeds does not operate to exclude specific interest not reserved or excepted in such prior deeds.

The rents involved in the case before us were not reserved in any prior deed but in a lease dated April 11, 1944, and they were transferred to Naomi Cunningham by an assignment dated October 20, 1960. In view of the authority cited above, we cannot construe the general exception clause in the 1974 deed as excepting the rents due under the 1944 lease.

Accordingly, the judgment of the Circuit Court of Harrison County is reversed.

*Reversed.*