# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**David J. Weller, II,**
**Plaintiff Below, Petitioner**

**vs)  No.  17-1043** (Berkeley County CC-02-2017-C-232)

**Thomas Carr and Kristine Carr,**
**Defendants Below, Respondents**

**FILED**

**April 15, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David J. Weller, II, by counsel Katherine N. Ridgeway, appeals the October 31, 2017, order of the Circuit Court of Berkeley County that denied petitioner's motion for a declaratory judgment and injunctive relief regarding a right-of-way. Respondents Thomas Carr and Kristine Carr, by counsel Kathy M. Santa Barbara, filed a summary response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner David J. Weller, II, owns a 2.3-acre tract of land in Berkeley County. Respondents Thomas and Kristine Carr own several adjacent tracts that they have merged into one 7.5-acre parcel. At issue in this appeal is a short, 139-foot-long, road [the "spur"] that runs across respondents' tract, and borders petitioner's tract. The parties dispute whether petitioner has an easement to use the spur.

Mr. Weller's 2.3-acre tract traces back to his parents' 1982 purchase of land from Joseph B. and Delva Boarman. On December 6, 1982, the Boarmans conveyed, via the "Boarman Deed," a 13.125-acre tract (the "Parent Tract") to petitioner's parents, David and Mary Weller. A gravel road (also known as the "twelve foot right of way") crossed the Parent Tract and continued beyond it to several other tracts that are landlocked along the Potomac River. The spur at issue in this case branches off the gravel road and crossed the Parent Tract toward the northwest to serve several riverside tracts. At the time of conveyance, the riverside tracts were owned by the Newton Baker VFW Post.

The Boarman Deed created a 12-foot-wide right-of-way to use the gravel road, including the spur, for the benefit of the landlocked tracts. The deed provides the following:

The [Boarmans] herein do further grant and convey unto [petitioner's parents], *a*

1

*non-exclusive right of way for ingress and egress over a 12 foot wide right of way leading from West Virginia Secondary Route 2/1 to Newton D. Baker land and other lots along the Potomac River.* Said conveyance is also subject to the right of others to also use said 12 foot wide right of way for purpose of ingress and egress to and from said other lands to West Virginia Secondary Route 2/1. Reference is hereby made to the aforementioned (1982) plat for a more particular location of said 12 foot wide right of way.

(Emphasis added.)

Petitioner's parents later divorced and petitioner's father conveyed his interest in the 13.125-acre Parent Tract to petitioner's mother in 1994. With regard to rights of way, the 1994 deed provided that the deeded real estate "is subject to all of those conditions, restrictions, covenants, rights of ways, and easements as more fully set forth in the [Boarman Deed]."

In 1999, Respondents Thomas and Kristine Carr bought two side-by-side parcels of land (the "Baker Parcels") from the Newton D. Baker VFW Post No. 896. These parcels were adjacent to the 13.125-acre Parent Tract owned by petitioner's mother. At that time, the Baker Parcels were accessible only by way of the right-of-way across the gravel road and the spur on the Parent Tract.

Three years after buying the Baker Parcels, respondents purchased a .4894-acre tract from petitioner's mother. The February 6, 2002, deed from petitioner's mother (the "Carr Deed") gave the Carrs a long narrow strip of land from the edge of the mother's 13.125-acre Parent Tract. This .4894-acre strip is located against the gravel road on one side and the Baker Parcels on the other side. The location of the purchase suggests the Carrs bought the strip to give their land direct access to the gravel road. Petitioner states in his complaint that upon conveyance the .4894-acre tract merged with the Baker Parcels, creating one unified 7.5-acre tract owned by respondents. A plat referenced in the 2002 Carr Deed also provides, "The 0.4894 acre tract described hereon shall be merged into one property with the adjoining 7.0051 acre parcel . . . ."

It appears from the plat accompanying the Carr Deed that the spur forms one border of the .4984-acre parcel conveyed to the Carrs. The plat notes that the spur is 139.406 feet long and straight. More importantly, the plat places the spur solely upon the land purchased by the respondents.

The Carr Deed references the right-of-way recorded in the Boarman Deed. Specifically, the Carr Deed provides:

This conveyance is made subject to and together with any and all covenants, conditions, agreements, easements, rights, rights-of-way and/or restrictions of record, including but not limited to those recorded in the . . . Clerk's office in Deed book 363, page 265 [the Boarman Deed].

Three years after the Carr Deed was recorded, petitioner's mother, by deed dated June 10, 2005, conveyed to petitioner a 2.3-acre tract (Petitioner's Deed) from the Parent Tract. Petitioner's Deed does not specifically address the twelve-foot right-of-way, or spur, but states

generally that the "conveyance is made subject to and together with any other covenants, conditions, agreements, easements, rights, rights-of-way and/or restrictions of record and in existence." The record and the briefs are ambiguous, but it appears this 2.3-acre tract borders the Carrs's land. More importantly, petitioner's 2.3-acre tract borders the spur that forms the edge of the Carrs's land.

The last deed at issue in this case is dated October 22, 2015. In it, petitioner's mother conveyed the remainder of the Parent Tract to petitioner. With respect to rights-of-way, the 2015 Deed provides it is "SUBJECT TO AND TOGETHER WITH any and all rights, rights-of-way, covenants, restrictions, easements, conditions, assessments, and other matters of record and in existence[.]"

The dispute between the parties arose in 2017 when respondents claim petitioner began constructing a home on his 2.3-acre tract and blocked the spur. Specifically, petitioner and/or his construction contractor piled loads of gravel on the spur and parked equipment and vehicles in a manner that impeded passage. In response, respondents erected a gate to prohibit petitioner's abuse of the spur, however, they claim they left the gate unlocked to allow ingress and egress.

On May 23, 2017, petitioner filed this action seeking a declaratory judgment that he holds an easement or right-of-way across the spur to gain access to his property. Petitioner also sought injunctive relief to secure his right to use the spur, and to require respondents to remove the gate obstructing the spur.

In their response below, respondents sought a declaration that petitioner had no legal right or interest in the spur. Respondents contended that a right-of-way to use the spur was created in the Boarman Deed as an easement to benefit the Baker Parcels (land that would have been landlocked along the river without access to the right-of-way). However, once petitioner's mother deeded the spur to respondents, the easement on that spur merged into the Carrs's fee ownership of the Baker Parcels. At that moment, the easement was extinguished and any rights petitioner may have had to the spur ended.

Following a hearing, the circuit court, on October 31, 2017, entered a declaratory judgment in favor of respondents on the theory of merger. Specifically, the circuit court found that the right-of-way in the Boarman Deed was an easement across the Parent Tract. The Baker Parcels were the dominant estate, and the Parent Tract was the servient estate. Respondents (the current owners of the Baker Parcels) had the right to use the easement for access, not the owners of the Parent Tract. Thus, when respondents obtained title to petitioner's mother's .4894-acre tract, and fee ownership of the servient estate beneath the spur, the easement merged into the superior dominant estate: the Baker Parcels. The circuit court also found that the 2002 Carr Deed failed to reserve use of the spur for the benefit of the remainder of the Parent Tract. Hence, when petitioner's 2.3-acre tract was carved out of the Parent Tract in 2005, petitioner's mother had no right to use the spur, thus, she could convey no such right to petitioner. The circuit court concluded that respondents "have the right to do with that Disputed Road what they wish, free from interference by [petitioner] . . . [and] that any use of the Disputed Road by [petitioner] is not a legal use thereof."

Petitioner now appeals the circuit court's October 31, 2017, declaratory judgment order.

3

"A circuit court's entry of a declaratory judgment is reviewed *de novo*." Syl. Pt. 3, *Cox v. Amick*, 195 W. Va. 608, 466 S.E.2d 459 (1995). This Court has previously stated that when it reviews declaratory judgments entered by a circuit court, the findings of fact are reviewed under a clearly erroneous standard. *See* Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996).

Petitioner raises four assignments of error on appeal. Petitioner first argues that the circuit court's finding about respondents' right-of-way was wholly irrelevant, that he and his mother have used the spur for over thirty years, and that any "merger" applies solely to respondents' rights, and not to his rights. As noted above, the circuit court found that any right-of-way across the spur to the Baker Parcels was created when the Boarmans deeded the Parent Tract to petitioner's parents.

We disagree and find that the circuit court correctly applied the law of merger. The 1982 Boarman Deed created the Parent Tract, but imposed or reserved a 12-foot-wide easement on a gravel road and on the spur. The easement was solely intended to benefit various adjacent tracts landlocked along the Potomac River, including the Baker Parcels. As this Court has said when discussing easements and other like rights-of-ways:

> [T]hat there must be both a dominant and servient estate; the holder of the easement must own the dominant estate; the benefits of the easement must be realized by the owner of the dominant estate; and these benefits must attach to possession of the dominant estate and inhere to and pass with the transfer of the title to the dominant estate.

Syl. Pt. 4, in part, *Newman v. Michel*, 224 W. Va. 735, 688 S.E.2d 610 (2009). In this case, the beneficiaries of the Boarman Deed easement on the spur were the Baker Parcels, making them the dominant estate. The servient estate bearing the burden of the easement was the Parent Tract. Our law is clear, however, that once respondents (who also owned the Baker Parcels) received fee simple title to the spur in the 2002 Carr Deed, any easement on the spur merged into their title and was extinguished. As we said in Syllabus Point 2 of *Henline v. Miller*, 117 W. Va. 439, 185 S.E. 852 (1936), "[w]hen the owner of a dominant estate acquires the fee simple title to the servient estate, an easement appurtenant to the dominant estate is extinguished." *Accord* Syl. Pt. 1, *Pingley v. Pingley*, 82 W. Va. 228, 95 S.E. 860 (1918) ("The acquisition of the fee-simple title to a tract of land, to which is appurtenant an easement over an adjoining tract, by the owner of such adjoining tract, extinguishes such easement."). The law establishes that the Carr Deed extinguished any easement on the spur created in the Boarman Deed. Accordingly, we find no error with regard to the circuit court's ruling on this point.

Petitioner next argues that the right-of-way language in the 1982 Boarman Deed did not grant an easement for the benefit of the Baker Parcels. Petitioner contends that the 1982 owners of those parcels were strangers to the deed from the Boarmans to petitioner's parents.

We disagree. The Boarman Deed expressly created a "non-exclusive right of way for ingress and egress" leading from a state highway to the "Newton D. Baker land and other lots along the Potomac River." This easement was not created for the benefit of petitioner's parents, but rather was imposed upon the Parent Tract for "the right of others" to use the easement to

access the state highway. Therefore, we reject petitioner's second assignment of error.

Petitioner's third assignment of error regards the circuit court's finding that petitioner's mother failed to specifically reserve or create a right-of-way for the use of his 2.3-acre tract. However, petitioner appears to concede that petitioner's mother, as owner of the Parent Tract, could not create and easement across the Parent Tract because any such easement would have automatically been extinguished. *See Folio v. City of Clarksburg*, 221 W. Va. 397, 402, 655 S.E.2d 143, 148 (2007) (owner of two adjacent tracts created easement across one tract to serve the other; easement was automatically merged and extinguished). Petitioner points out, however, that the 2002 Carr Deed (that conveyed the spur to respondents) specifically referenced the easement reserved in the 1982 Boarman Deed. Petitioner argues that this reference preserved the easement for the use of the remainder of the Parent Tract, and for petitioner's subsequent use when he received title to the 2.3-acre tract from his mother in 2005.

As we found in petitioner's first two assignments of error, the circuit court correctly applied the doctrine of merger to the facts of record. The 1982 Boarman Deed created an easement that benefitted the dominant Baker Parcels. The Parent Tract was the servient tract that bore the burden of that easement created for the benefit of other parcels. In 2002, petitioner's mother deeded .4894 acres of the Parent Tract to the respondents in the Carr Deed, and included the spur in that deed. Because respondents owned the Baker Parcels, the circuit court found the easement across the spur merged automatically into the respondents' fee simple interest in the land. Therefore, any easement on the spur was extinguished in 2002. Thus, the 2002 Carr Deed failed to reserve to petitioner's mother any right to continue using the spur. Hence, when petitioner's mother conveyed the 2.3-acre parcel to petitioner in 2005, she had no right, title, or interest in the spur that she could convey to petitioner. We therefore find no merit to petitioner's third assignment of error.

In his fourth and final assignment of error, petitioner argues that the circuit court improperly focused on the Boarmans's 1982 intent rather than on the intent of petitioner's mother in the 2002 Carr Deed. Petitioner claims his mother intended to reserve a right-of-way in the Carr Deed and that the circuit court ignored this intent.

We reject this contention because we find no language in the deed to support it. "Deeds are subject to the principles of interpretation and construction that govern contracts generally." Syl. Pt. 3, *Faith United Methodist Church & Cemetery of Terra Alta v. Morgan*, 231 W. Va. 423, 745 S.E.2d 461 (2013). A deed is nothing more than a written, contractual agreement reflecting the parties' intent. "A valid written instrument which expresses the intent of the parties in plain and unambiguous language is not subject to judicial construction or interpretation but will be applied and enforced according to such intent." Syl. Pt. 1, *Cotiga Dev. Co. v. United Fuel Gas Co.,* 147 W. Va. 484, 128 S.E.2d 626 (1962).

> In construing a deed . . . it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties wherever that is reasonably clear and free from doubt, unless to do so will violate some principle of law inconsistent therewith.

Syl. Pt. 1, in part, *Maddy v. Maddy*, 87 W. Va. 581, 105 S.E. 803 (1921).

5

Applying these principles, we find no error. The 2002 Carr Deed makes explicit incorporation of the easement found in the Boarman Deed, even referring to the deed book and page number in the county clerk's office where it can be found. Regarding the easement, the Carr Deed provides:

> This conveyance is made subject to and together with any and all covenants, conditions, agreements, easements, rights, rights-of-way and/or restrictions of record, including but not limited to those recorded in the . . . Clerk's office in Deed book 363, page 265 [the Boarman Deed].

In the 2002 Carr Deed, the plain and unambiguous intent of petitioner's mother was to include the easements and rights-of-way contained in the Boarman Deed as a part of the Carr Deed. As noted above, those easements or rights-of-way merged into the respondents' fee estate. The circuit court found no language in the Carr Deed creating or reserving any new rights for petitioner's mother to cross respondents' .4894-acre tract. Furthermore, upon our reading of the Carr Deed, we reject petitioner's argument that the document should be construed as intending to create such a new right.

For the foregoing reasons, we affirm the circuit court's October 31, 2017, declaratory judgment order.

Affirmed.

**ISSUED:** April 15, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison