# CHARLESTON.

David W. Pingley *et als.* v. George W. Pingley.

Submitted March 5, 1918.   Decided April 16, 1918.

1. Easements—*Merger.*
   The acquisition of the fee simple title to a tract of land, to which is appurtenant an easement over an adjoining tract, by the owner of such adjoining tract, extinguishes such easement. (p. 229).

2. Appeal and Error—*Moot Questions.*
   An appeal prosecuted to this Court by one claiming an easement over the lands of another, as appurtenant to adjoining lands owned by him, will be dismissed where it appears that pending such appeal the owner of the land, which it is contended is subject to such easement, has acquired the title to the land to which it is claimed the easement is appurtenant. (p. 230).

Appeal from Circuit Court, Randolph County.

Suit by David W. Pingley and others against George W. Pingley. Decree for defendant, and plaintiffs appeal.

*Appeal dismissed.*

*W. B. & E. L. Maxwell,* for appeallants.

*A. M. & Neil Cunningham, H. G. Kump* and *James Coberly,* for appellee.

RITZ, JUDGE:

Plaintiffs and defendant owned adjoining tracts of land, the land of the defendant lying between the county road and the plaintiffs' land. Plaintiffs claim as appurtenant to their tract of land a right of way to the county road over the land of the defendant, and by this proceeding sought to enjoin the defendant from obstructing this way. The court below refused the relief, and this appeal was prosecuted. Pending the appeal the plaintiffs sold their land to a third party, who has in turn sold it to the defendant, who is now the owner of both of the tracts of land involved in this litigation. A motion is made to dismiss the appeal upon the ground that the subject-matter of the litigation, to-wit, the right of way claimed by the plaintiffs over the land of the defendant has ceased to exist, it being contended that the defendant, by the acquisition of the land to which it is claimed this right of way is appurtenant also acquired the same, and that it has become merged in the superior estate which he theretofore owned in the land over which the right of way is claimed to have existed. It seems to be firmly established that where the owner of land over which an easement is claimed as appurtenant to another tract of land becomes also the owner of such other tract, the easement is merged in his superior estate. No one can use part of his own estate adversely to another part, and the proposition, therefore, must be true that if the owner of one of the estates, whether the dominant or servient one, becomes the owner of the other, the servitude which one owes to the other is merged in such ownership, and thereby extinguished. Washburn on Easements, p. 684; 14 Cyc. p. 1188; 9 R. C. L. p. 808; *Warren* v. *Blake,* 54 Me. 276; *Carbrey* v. *Willis,* 7 Allen, 364; *Clark* v. *Boston, Concord & Montreal R. R.,* 4 Foster (N. H.) 114; *Robb* v. *Hannah's Ex'r,* (Ky.) 14 S. W. 360; *Parsons* v. *Johnson,* 68 N. Y. 62; *Wilder* v. *Wheeldon,* 56 Vt. 344; *Damper* v. *Bassett,* 70 L. J.

Ch. Div. (N. S.) 657; *Muscogee Mfg. Co.* v. *Eagle & Phenix Mills,* 126 Ga. 210; *Mabie* v. *Matteson,* 17 Wis. 1.

It is likewise also firmly established that where pending litigation the subject-matter thereof ceases to exist, or the parties cease to have adverse interests therein, the court in which such cause is pending will dismiss the same for the reason that there is nothing presented but a moot question. There is no matter left upon which the judgment of the court can operate advantageously or disadvantageously to either of the parties. 3 C. J. 365; *Baker* v. *Tappan,* 56 W. Va. 349; *State* v. *Jones,* 81 W. Va. 182, 94 S. E. 120; and authorities there cited; *South Spring Hill Gold Mining Co.* v. *Amador Medean Gold Mining Co.,* 145 U. S. 300; *Booker* v. *Blythe,* 90 Ark. 165. Both the dominant and sercient estate having become vested in the defendant, the easement claimed is thereby extinguished, and leaves nothing upon which any judgment rendered by this court could operate.

It therefore follows that the appeal must be dismissed as presenting only a moot question. *Appeal dismissed.*