# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

**January 2017 Term**

_____

**No. 16-0069**

_____

**FILED**
**January 19, 2017**
released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DWG OIL & GAS ACQUISITIONS, LLC,**
**Plaintiff Below, Petitioner**

**v.**

**SOUTHERN COUNTRY FARMS, INC.;**
**HARLAN KITTLE and BARBARA KITTLE; and**
**LORI D. CARPENTER,**
**Defendants Below, Respondents**

_____

**Appeal from the Circuit Court of Marshall County**
**The Honorable David W. Hummel, Jr., Judge**
**Civil Action No. 14-C-22**

_____

**AFFIRMED**

_____

**Submitted: January 10, 2017**
**Filed: January 19, 2017**

**Bradley W. Stephens, Esq.**
**Stephens Law Office**
**Morgantown, West Virginia**
**Kelly Mayhew, Esq.**
**Kelly Mayhew, PLLC**
**Morgantown, West Virginia**
**Counsel for the Petitioner**

**Thomas E. White, Esq.**
**White & Clyburn Law Offices**
**Moundsville, West Virginia**
**Counsel for Respondent**
**Southern Country Farms, Inc.**

**JUSTICE KETCHUM delivered the Opinion of the Court.**

**SYLLABUS BY THE COURT**

1. "A circuit court's entry of a declaratory judgment is reviewed *de novo*." Syl. pt. 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995).

2. "In order to create an exception or reservation in a deed which would reduce a grant in a conveyance clause which is clear, correct and conventional, such exception or reservation must be expressed in certain and definite language." Syl. pt. 2, *Hall v. Hartley*, 146 W.Va. 328, 119 S.E.2d 759 (1961).

3. "Where there is ambiguity in a deed, or where it admits of two constructions, that one will be adopted which is most favorable to the grantee." Syl. pt. 6, *Paxton v. Benedum-Trees Oil Co.*, 80 W.Va. 187, 94 S.E. 472 (1917).

**Justice Ketchum**:

This declaratory judgment action is before this Court upon the appeal of the petitioner and plaintiff below, DWG Oil & Gas Acquisitions, LLC ("DWG"), from the December 28, 2015, order of the Circuit Court of Marshall County. As set forth in the order, the circuit court determined that the oil and gas underlying a parcel of land in Marshall County was conveyed to A. B. Campbell by deed dated June 5, 1913. A. B. Campbell is a predecessor in title of the respondents and defendants below, Southern Country Farms, Inc. ("Southern Country Farms"), Harlan and Barbara Kittle, and Lori D. Carpenter. As a result of the circuit court's ruling, title to the oil and gas is currently vested in the respondents, rather than DWG.[1]

DWG contends that it is the current owner of the oil and gas underlying the parcel by virtue of a competing chain of title emanating from a deed executed by P. P. Campbell, Sr. ("Campbell, Sr."), on April 10, 1908.

The dispositive facts are not in dispute, and the issue before this Court is a question of law. Our review is, therefore, *de novo*. For the reasons stated herein, this Court is of the

---

[1] DWG and Southern Country Farms filed briefs in this Court. No briefs were filed by Harlan and Barbara Kittle or Lori D. Carpenter.

opinion that the circuit court correctly applied the law and that title to the oil and gas underlying the parcel is currently vested in the respondents. Accordingly, the December 28, 2015, order of the Circuit Court of Marshall County is affirmed.

## I. Factual Background

DWG is a West Virginia limited liability company engaged in acquiring and leasing oil and gas interests. In the current matter, DWG embarked on efforts to purchase the oil and gas underlying a parcel of land in Franklin District, Marshall County, based on a title report indicating that the oil and gas was owned by the successors of the heirs of Campbell, Sr. However, according to the respondents, ownership of the oil and gas passed through a different route to the heirs of A. B. Campbell, through which the respondents claim title. The resolution of the conflict requires an analysis of three deeds made and recorded between 1908 and 1913. Campbell, Sr., was a party to each deed. For purposes of discussion, the deeds will be described as Campbell Deed # 1, Campbell Deed # 2, and Campbell Deed # 3.

### Campbell Deed # 1

By deed made April 10, 1908, Campbell, Sr., conveyed to P. P. Campbell, Jr. ("Campbell, Jr."), real estate in Franklin District, Marshall County, which included a 146 acre tract and an adjacent 20 acre tract. The conveyances were set forth in the April 10, 1908, deed in separate paragraphs. A third paragraph in the deed stated: "Excepting

2

therefrom Fifty acres on west side of the 146 acre tract also reserving therefrom all the coal

oil and Gas with permission sell lease release and operate the same" [.][2]

By separate deed, also made April 10, 1908, Campbell, Sr., conveyed to himself and

A. B. Campbell, in trust for Laura C. McHenry, the fifty acres excepted from Campbell Deed

# 1. The conveyance in trust for Laura C. McHenry stated:

> Fifty acres of land being the South West Fifty Acres conveyed by the Deed made to P. P. Campbell Jr this day and excepted there from, All the coal Oil and Gas with with the right to sell lease release and operate. The same is reserved to the first party, and the said first party hereby covenants with the said second parties that he will warrant generally the property here by conveyed.

### Campbell Deed # 2

By deed made May 27, 1913, Campbell, Jr., conveyed back to Campbell, Sr., the same

146 acre tract and the adjacent 20 acre tract. The May 27, 1913, deed included the following

provision:

> The above described tracts or parcels of land are the same conveyed to said P. P. Campbell, Jr., by the said P. P. Campbell, Sr., by deed bearing date the 10[th] day of April, 1908, of record in the office of the clerk of the county

---

[2] As can be seen, the third paragraph of Campbell Deed # 1 employs no punctuation marks, such as commas or periods, and the wording is awkward. Moreover, although the paragraph references "coal," the appendix-record indicates that the controversy between the petitioner and the respondents involves oil and gas only. Draftsmanship issues appear regarding the other deeds relied on by the parties.

court of said Marshall county in Deed Book No. 124, page 444, reference being here made to said deed and record for a more particular description of the same: And the right, title and interest of the parties of the first part in and to said lands are conveyed subject to the exceptions and reservations set forth in said deed, reference being here made to said deed and record for more particular description of said exceptions and reservations

**Campbell Deed # 3**

Finally, by deed made June 5, 1913, Campbell, Sr., conveyed to A. B. Campbell the 146 acre parcel and the adjacent 20 acre parcel. The June 5, 1913, deed included the following provision:

> The said tracts of land hereby conveyed being the same property conveyed to the said P. P. Campbell, Sr., by P. P. Campbell, Jr., and wife by deed dated the 27th day of May, 1913, and duly of record in Deed Book No., 138, page 552, of Marshall County records. Subject, however, to all the reservations as contained in or referred to in said deed.[3]

As discussed herein, DWG maintains that, the conveyance to A. B. Campbell in Campbell Deed # 3 notwithstanding, title to the oil and gas remained vested in Campbell, Sr., until his death, intestate, in May 1922, at which time title passed to Campbell, Sr.'s heirs and ultimately to DWG. The respondents, however, contend that A. B. Campbell acquired both

---

[3] In 2013, a series of deeds was made to clarify the amount of surface acreage actually conveyed and excepted under Campbell Deed # 1 and the effect of the true acreage as to Campbell Deed # 2 and Campbell Deed # 3. In short, the tract excepted from Campbell Deed # 1 and separately conveyed in trust for Laura C. McHenry contained twenty-four acres rather than fifty acres. That adjustment to the acreage, however, does not otherwise inform our analysis of the Campbell Deeds.

4

the surface and the underlying minerals by way of Campbell Deed # 3, through which the

respondents assert title to the oil and gas.

## II. Procedural Background

On February 21, 2014, DWG filed a complaint for declaratory judgment in the Circuit

Court of Marshall County.[4]  The complaint alleged:

> Under the valid chain of title to DWG's Interest (the "Valid Chain"),
> as of the execution and recording of Campbell Deed # 3, title to the oil and gas
> underlying the Subject Tract remained vested in Palemon P. Campbell, Sr.,
> until his death, intestate, on May 1, 1922, at which time title to the Subject Oil
> and Gas passed, in proportionate shares, to ten heirs.  DWG's Interest has been
> acquired from various heirs, successors, and assigns of these heirs of Palemon
> P. Campbell, Sr. - the parties holding valid title to interests in the Subject Oil
> and Gas.

DWG's complaint further alleged that, based on the respondent's assumption that

Campbell Deed # 3 passed title to the oil and gas to A. B. Campbell, a company known as

Gastar Exploration USA, Inc., improperly acquired oil and gas exploration and development

rights to a portion of the Franklin District parcel through a spurious chain of title.  However,

---

[4] *W.Va. Code*, 55-13-2 [1941], provides that any person "interested under a deed" may seek relief pursuant to the *West Virginia Uniform Declaratory Judgments Act*.  *See* W.Va. R. Civ. P. 57 addressing circuit court procedures in declaratory judgment actions.

Here, the named defendants included respondents Southern Country Farms, Harlan and Barbara Kittle, and Lori D. Carpenter.  Other named defendants, later dismissed from the action, were James A. Channing; Darald L. Channing; Wayne E. Channing; Wanda Lou Channing; Hilda-Marie Gilbertson-Wayt; Kimberly Ann Wayt; Kerry Dean Wayt; and  Kenneth E. Rastall.

the respondents asserted before the circuit court that Campbell Deed # 3 conveyed both the surface and the underlying minerals of the subject parcel to A. B. Campbell.

Following a hearing, the circuit court stated in a July 17, 2015, letter that judgment would be entered for the respondents. Accordingly, on December 28, 2015, the circuit court entered an order declaring that the oil and gas underlying the subject parcel in Franklin District, Marshall County, was conveyed along with the surface thereof to A. B. Campbell in Campbell Deed # 3. Consequently, inasmuch as A. B. Campbell is a predecessor in title of the respondents, title to the oil and gas is currently vested in the respondents, rather than DWG.

The circuit court based its ruling on two constructions of the following exception and reservation language set forth in Campbell Deed # 1: "*Excepting therefrom Fifty acres on west side of the 146 acre tract also reserving therefrom all the coal oil and Gas with permission sell lease release and operate the same*" (emphasis added).[5] Regarding one

---

[5] As can be seen, the above language includes both the words "excepting" and "reserving." According to Robert Tucker Donley, *The Law of Coal, Oil and Gas in West Virginia and Virginia*, § 29 (Michie 1951), technically, the words "exception" and "reservation" have different meanings. However, in this action, those terms have been employed interchangeably. *See Malamphy v. Potomac Edison Co.*, 140 W.Va. 269, 273, 83 S.E.2d 755, 758 (1954) ("Notwithstanding that the language in a deed of conveyance may be phrased as a 'reservation', such language may be regarded and treated as an exception if it is necessary in order to carry out the plain purposes of the parties to the instrument.").

construction, the circuit court determined that, if by that language, Campbell, Sr., retained the oil and gas, then his conveyance to Campbell, Jr., in Campbell Deed # 1 was of the surface only. Consequently, when Campbell, Jr., conveyed the surface back to him in Campbell Deed # 2, the surface and mineral interests merged. Thus, Campbell, Sr.'s, later conveyance to A. B. Campbell in Campbell Deed # 3 was in fee simple, since there was no clear severance of surface and minerals at that time.

The circuit court's alternative construction of the language set forth in Campbell Deed # 1 was that the exception and reservation of the oil and gas pertained solely to the fifty acres on the west side of the subject parcel. The circuit court noted that such a construction was corroborated by the simultaneous conveyance of the fifty acres in trust for Laura C. McHenry, with an oil and gas reservation. Therefore, subject to the fifty acre exception, Campbell, Sr., retained no oil and gas interest in the larger parcel consisting of the 146 acre tract and the 20 acre tract conveyed to Campbell, Jr., and ultimately to A. B. Campbell.

Under either construction by the circuit court, A. B. Campbell, the respondents' predecessor in title, acquired title to both the surface and the oil and gas in Campbell Deed # 3. Contesting title to the minerals, DWG appeals to this Court.

7

### III. Standard of Review

Syllabus point 3 of *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995), holds: "A circuit court's entry of a declaratory judgment is reviewed *de novo*." *Accord*, syl. pt. 1, *Estate of Fussell v. Fortney*, 229 W.Va. 622, 730 S.E.2d 405 (2012); syl. pt. 1, *Flanagan v. Stalnaker*, 216 W.Va. 436, 607 S.E.2d 765 (2004). In *Cox*, this Court observed that, because the purpose of a declaratory judgment action is to resolve legal questions, "a circuit court's ultimate resolution in a declaratory judgment action is reviewed *de novo*; however, any determinations of fact made by the circuit court in reaching its ultimate resolution are reviewed pursuant to a clearly erroneous standard." 195 W.Va. at 612, 466 S.E.2d at 463. *See W.Va. Code*, 55-13-7 [1941] (Orders, judgments and decrees entered under the *West Virginia Uniform Declaratory Judgments Act* "may be reviewed as other orders, judgments and decrees.").

### IV. Discussion

As the circuit court correctly determined, the resolution of this matter largely depends upon the construction of the following exception and reservation language found in Campbell Deed # 1: "*Excepting therefrom Fifty acres on west side of the 146 acre tract also reserving therefrom all the coal oil and Gas with permission sell lease release and operate the same*"[.] (emphasis added). DWG contends that, pursuant to that language, its predecessor in title, Campbell, Sr., retained the oil and gas underlying the subject parcel, and A. B. Campbell

8

only acquired the surface thereof, as indicated by the references to the exception and reservation set forth in Campbell Deeds # 2 and # 3. The circuit court, however, ruled that A. B. Campbell, the respondents' predecessor in title, acquired both the surface and the oil and gas by way of Campbell Deed # 3.

Our approach to the problem begins with the general principle expressed in syllabus point 1 of *Maddy v. Maddy*, 87 W.Va. 581, 105 S.E. 803 (1921):

> In construing a deed, will, or other written instrument, it is the duty of the court to construe it as a whole, taking and considering all the parts together, and giving effect to the intention of the parties *wherever that is reasonably clear and free from doubt*, unless to do so will violate some principle of law inconsistent therewith. (emphasis added)

*Accord*, syl. pt. 5, *Faith United Methodist Church and Cemetery v. Morgan*, 231 W.Va. 423, 745 S.E.2d 461 (2013).

Manifestly, the exception and reservation language in Campbell Deed # 1 is inartfully drafted. No punctuation marks, such as commas or periods, were employed in the 1908 deed, and, as a result, it is unclear whether Campbell, Sr., intended to retain the oil and gas

underlying the subject parcel or underlying the smaller fifty acre parcel which was separately conveyed in trust for Laura C. McHenry.[6]

Syllabus point 2 of *Hall v. Hartley*, 146 W.Va. 328, 119 S.E.2d 759 (1961), aptly states: "In order to create an exception or reservation in a deed which would reduce a grant in a conveyance clause which is clear, correct and conventional, such exception or reservation must be expressed in certain and definite language." *Accord*, syl. pt. 1, *Highway Properties v. Dollar Savings Bank*, 189 W.Va. 301, 431 S.E.2d 95 (1993); syl. pt. 2, *G & W Auto Center, Inc. v. Yoursco*, 167 W.Va. 648, 280 S.E.2d 327 (1981). Accordingly, in the circumstances herein, we must additionally note the long-standing principle set forth in syllabus point 6 of *Paxton v. Benedum-Trees Oil Co.*, 80 W.Va. 187, 94 S.E. 472 (1917): "Where there is ambiguity in a deed, or where it admits of two constructions, that one will be adopted which is most favorable to the grantee." *Accord*, syl. pt. 8, *Zimmerer v. Romano*, 223 W.Va. 769, 679 S.E.2d 601 (2009); syl. pt. 3, *Hall v. Hartley*, *supra*. Specifically, syllabus point 2 of *Harding v. Jennings*, 68 W.Va. 354, 70 S.E. 1 (1910), holds: "An exception in a deed conveying land must describe the thing excepted with legal certainty, so

---

[6] In *The Law of Coal, Oil and Gas in West Virginia and Virginia*, § 27 (Michie 1951), Robert Tucker Donley observes: "The difficulties confronting the courts in connection with the conveyancing of subsurface minerals have arisen largely because of defective draftmanship."

10

as to be ascertained, else the thing sought to be excepted will pass to the grantee." *Accord*,

*Bennett v. Smith*, 136 W.Va. 903, 912, 69 S.E.2d 42, 47 (1952).

Here, Campbell, Sr.'s, immediate grantee of the subject parcel was Campbell, Jr., in the 1908 Campbell Deed # 1. Campbell, Sr.'s, immediate grantee of the smaller fifty acre parcel, in the separate 1908 deed, was the Trust for the benefit of Laura C. McHenry. Assuming DWG's assertion is correct that Campbell, Sr., retained the oil and gas to the larger, subject parcel and only conveyed the surface to Campbell, Jr., such an assertion is of no moment. That is because the circuit court correctly concluded that when Campbell, Jr., conveyed the surface back to Campbell, Sr., the surface and the mineral interests merged into a consolidated title. In the December 28, 2015, order, the circuit court explained:

> [E]ven if [DWG] were correct that somehow P. P. Campbell effectively reserved the oil and gas in Campbell Deed # 1, then when P. P. Campbell, Jr. conveyed back to him in Campbell Deed # 2, his prior reservation would become meaningless and extinguished as he would have then owned both surface and minerals. * * * P. P. Campbell, Sr. owned fee simple at the time he conveyed the subject property to A. B. Campbell. There was not at that time a severance of the surface and minerals. Consequently, any reference to "be subject to" or to honor a prior severance was a reference to "be subject to" something that did not exist. He needed to specifically and expressly indicate he was keeping the oil and gas if he so intended. He did not do so.

When Campbell, Sr., then conveyed the subject parcel to A. B. Campbell in Campbell Deed # 3, nothing was excepted or reserved anew. Campbell, Sr., merely indicated that the conveyance was subject to "all the reservations as contained in or referred to in said deed,"

11

*i.e.*, Campbell Deed # 2. Inasmuch as Campbell, Sr., was the grantee in Campbell Deed # 2, he would not have been the party to place an exception or reservation in that document. Thus, the reference by Campbell, Jr., in Campbell Deed # 2 to the exception and reservation in Campbell Deed # 1 must be considered. However, given the resulting merger of the surface and mineral interests, the final conveyance by Campbell, Sr., to A. B. Campbell in Campbell Deed # 3 was in fee simple, and the perfunctory reference in Campbell Deed # 3 to the exception and reservation language in the prior deeds was insufficient to cut the fee and sever the mineral interests.

As stated in N. Saint-Paul, 1A Revised, *Summers Oil and Gas* § 8:8 (3rd ed. 2015): "When the owner of a separate interest in the oil and gas under a tract of land acquires title to the surface of the land, that separate mineral interest is extinguished by the merger doctrine." Similarly, syllabus point 2 of *Henline v. Miller*, 117 W.Va. 439, 185 S.E. 852 (1936), holds: "When the owner of a dominant estate acquires the fee simple title to the servient estate, an easement appurtenant to the dominant estate is extinguished." *Accord*, *Folio v. City of Clarksburg*, 221 W.Va. 397, 401, 655 S.E.2d 143, 147 (2007) (referring to syllabus point 2 of *Henline* as the "doctrine of merger").[7] *See*, *Hunter v. Rosebud County*,

---

[7] In *Pingley v. Pingley*, 82 W.Va. 228, 95 S.E. 860 (1918), this Court stated:

No one can use part of his own estate adversely to another part, and the proposition, therefore, must be true that if the owner of one of the estates, whether the dominant or servient one, becomes the owner of the

240 Mont. 194, 783 P.2d 927, 929 (1989) (When the owner of the previously excepted mineral estate conveyed that estate to the owner of the subservient remaining estate, the remaining estate was merged into the mineral estate.).

Here, Campbell Deed # 3 did not set forth an exception and reservation of mineral interests in clear and definite terms as required under *Hall v. Hartley*. Under the doctrine of merger, and given the ambiguities in each of the three deeds, the circuit court was warranted in ruling in favor of the respondents. Accordingly, this Court is of the opinion that the respondents, as successors in title to A. B. Campbell, currently own the oil and gas underlying the subject parcel.

Having so concluded, this Court need not address that circuit court's alternative construction of Campbell Deed # 1 to the effect that the exception and reservation of the oil and gas pertained solely to the fifty acres separately conveyed in trust for Laura C. McHenry. The circuit court determined in that regard that Campbell, Sr., thus retained no oil and gas interest in the larger parcel ultimately conveyed to A. B. Campbell.

---

other, the servitude which one owes to the other is merged in such ownership, and thereby extinguished.

82 W.Va. at 229, 95 S.E. at 861.

13

Rather, the issue before this Court solely concerns the larger, subject parcel and whether Campbell, Sr., died intestate owning the oil and gas thereunder, or whether he conveyed both the surface and the oil and gas to A. B. Campbell in Campbell Deed # 3. We have resolved that issue in favor of A. B. Campbell and the respondents. Campbell, Sr.'s, heirs did not inherit the oil and gas, and, consequently, DWS's claim of ownership in the mineral interests is without merit.

## V. Conclusion

The circuit court correctly applied the law, and title to the oil and gas underlying the subject parcel is currently vested in the respondents. The December 28, 2015, order of the Circuit Court of Marshall County is affirmed.

Affirmed.