# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JOSEPH WELLS,**
**Individually and as Power of Attorney**
**for Velma Luella Wells,**
**Plaintiff Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 22-ICA-281**     (Cir. Ct. Tyler Cnty. No. 21-C-19)

**ANTERO RESOURCES CORPORATION,**
**DAVID BOWYER, RALPH D. HARTER,**
**and SYLVIA M. HARTER,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner, Joseph Wells, in his individual capacity and as Power of Attorney for his mother, Velma Luella Wells, appeals the Circuit Court of Tyler County's November 2, 2022, "Order Granting Defendants' Motions to Dismiss." In that order, the circuit court concluded that Mr. Wells did not own any interest in the minerals of the subject property because his separate interest in the minerals was extinguished by the doctrine of merger. Respondents Antero Resources Corporation ("Antero") and David E. Bowyer filed responses in support of the circuit court's order.[1] Mr. Wells filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The subject property ("Property") is a sixty-seven-acre tract of land in Tyler County, West Virginia. In 1977, Mr. Wells' father, Nile Wells, inherited a one twenty-eighth share of the mineral interest in the Property.  By deed dated July 31, 1984, Mr. Wells' parents

---

[1] Mr. Wells is represented by Stephen E. Hastings, Esq., and David K. Hendrickson, Esq. Antero is represented by W. Henry Lawrence, Esq., Lauren K. Turner, Esq., Shaina L. Richardson, Esq., and Emily M. Rector, Esq. Mr. Bowyer is represented by O. Gay Elmore, Esq. Respondents Ralph D. Harter and Sylvia M. Harter did not participate in this appeal.

1

obtained ownership of the surface interest of the Property from Appalachian Power Company. The 1984 Deed contains the following metes and bounds description:

> BEGINNING at a stone near said run and corner to lands of Nicholas Neihart, and Mary Shriver; thence with her line North 85 degrees West 128 rods to a hickory, the beginning corner to said Mary Shriver's land; thence South 45 degrees East 166 rods to a White Oak and corner of lands of James Morrow and P.W. Stocking's estate and an original corner of the survey sold by Roberts to Joseph Martin (above courses are as they appear in a deed dated April 10[th], 1871, Joseph Martin and wife to E. & L. Neihart and those following were run November 21[st], 1882, by J. L. Thistle); thence with the said Stocking line, North 46-1/2 degrees East 147 rods to a stone, corner to Nicholas Neihart; thence with his line, North 66-3/4 degrees West 28.92 rods to a stone; thence South 80 degrees West 68.80 rods to a stone West side of Dry Run; North 11 degrees West 6 rods to the place of beginning, containing 67 acres of land, be the same more or less.

> Being all of the same lands conveyed to Appalachian Power Company by deed from Franklin Real Estate Company, dated December 6, 1974, recorded in the Clerk's Office of the County Commission of Tyler County, West Virginia in Deed Book 204 at Page 468[.]

On July 23, 1985, Nile Wells inherited another one eighty-fourth share of the mineral interest in the Property. Therefore, after July 23, 1985, Mr. Wells' parents owned the surface of the Property and one twenty-first of the mineral interest of the Property.

By deed dated March 28, 1995, Mr. Wells' parents conveyed the Property to William H. Parks and Ralph D. Harter. Mr. Wells contends that this conveyance was for the surface interest of the Property only. Antero and Mr. Bowyer contend that this conveyance was for the entire interest owned by Mr. Wells' parents. The 1995 Deed contains largely the same metes and bounds description of the Property as the 1984 Deed and then states:

> Being the same property conveyed unto the [Wells], by Appalachian Power Company, a Virginia Corporation, by deed dated July 31, 1984, and recorded in the office of the Clerk of the County Commission of Tyler County, West Virginia, in Deed Book No. 252 at Page 200.

> Subject, however, to all valid outstanding easements, rights of way, mineral leases, mineral reservations and mineral conveyances of record.

The interest conveyed in the 1995 Deed was conveyed several more times, including being conveyed to Respondents Ralph and Sylvia Harter, before eventually being conveyed to Mr. Bowyer in 2020.

On September 14, 2021, Mr. Wells filed the underlying complaint seeking a declaration from the circuit court that the 1995 Deed conveyed only the surface interest in the Property and not Mr. Wells' one twenty-first share of the mineral interest.[2] Antero and Mr. Bowyer separately moved to dismiss Mr. Wells' complaint.[3] After a hearing on the motions, on November 2, 2022, the circuit court entered an order dismissing Mr. Wells' complaint. In that order, the circuit court concluded that Mr. Wells' separate mineral interest was extinguished by the doctrine of merger when Mr. Wells' parents acquired title to the surface of the Property and that the reference in the 1995 Deed to the 1984 Deed was insufficient to re-sever the mineral interest. Accordingly, the circuit court concluded that the 1995 Deed conveyed both the surface interest and the mineral interest to William Parks and Ralph Harter. It is from this order that Mr. Wells appeals.

On appeal, we apply the following standard of review: "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). "A court reviewing the sufficiency of a complaint should view the motion to dismiss with disfavor, should presume all of the plaintiff's factual allegations are true, and should construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of W. Va.*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977)).

Mr. Wells asserts that the circuit court erred by concluding the 1995 Deed conveyed his entire interest in the Property when the plain and unambiguous language of the deed limited the conveyance to the surface only. Mr. Wells argues that because the 1995 Deed describes the property being conveyed as the "same property" that was conveyed by the 1984 Deed, which conveyed only the surface of the Property to the Wells, the 1995 Deed only conveyed the surface of the Property. Mr. Wells cites to Syllabus Points 2 and 3 of *Thomas v. Young*, 93 W. Va. 555, 117 S.E. 909 (1923), which state:

---

[2] The complaint also asserted counts for trespass, conversion, ejectment, and permanent injunction. Mr. Wells' appellate brief states that by deed dated June 3, 2021, his mother conveyed to him any interest she had in the oil and gas of the subject property and reserved a life estate in such interest. On that same date, Mr. Wells' mother executed a limited power of attorney to Mr. Wells to prosecute any claims related to the oil and gas estate. Mr. Wells' father, Nile Wells, is deceased.

[3] The complaint alleges that Antero holds oil and gas leases related to the subject property.

3

Where reference is made in a deed, containing only a general description of land, to another deed, which contains a description by metes and bounds, for the purpose of describing the land intended to be conveyed, it has the same effect as if such particular description in the deed referred to were incorporated in the deed in which the reference is made.

And where reference is made in a deed containing only a general description of the land, to a prior deed, which contains a description by metes and bounds, for the purpose of describing the land intended to be conveyed, and in such prior deed following the description there is a reservation or exception of the coal and iron minerals underlying the land described, both the description by metes and bounds and the reservation or exception are deemed to be incorporated in the deed in which the reference is made, and may be looked to, to determine the property thereby conveyed.

However, *Thomas* is not applicable to the facts of this matter because the 1995 Deed does not contain "only a general description" of the Property. The 1995 Deed contains a metes and bounds description of the Property that is nearly identical to the 1984 Deed. Therefore, the reference in the 1995 Deed to the 1984 Deed was not for the purpose of describing the lands to be conveyed. Rather, it appears that the reference was merely the result of customary deed language included to indicate the chain of title.

In *DWG Oil & Gas Acquisitions, LLC v. S. Country Farms, Inc.*, 238 W. Va. 414, 420, 796 S.E.2d 201, 207 (2017), the Supreme Court of Appeals held that "[w]hen the owner of a separate interest in the oil and gas under a tract of land acquires title to the surface of the land, that separate mineral interest is extinguished by the merger doctrine." When Mr. Wells' parents obtained the surface interest of the Property in 1984, their separate interest in the minerals merged with their surface interest. Further, "[i]n order to create an exception or reservation in a deed which would reduce a grant in a conveyance clause which is clear, correct and conventional, such exception or reservation must be expressed in certain and definite language." Syl. Pt. 2, *Hall v. Hartley*, 146 W.Va. 328, 119 S.E.2d 759 (1961). The 1995 Deed does not contain an exception or reservation, expressed in certain and definite language, of the mineral interest. Therefore, we conclude that the separate mineral interest was extinguished by the doctrine of merger as a result of the 1984 acquisition of the surface interest. Further, the mineral interest was not expressly and definitely re-severed in the 1995 Deed. Accordingly, the 1995 Deed conveyed Mr. Wells' entire interest in the Property.

Therefore, we affirm the circuit court's November 2, 2022, order, and dismissal of Mr. Wells' complaint.

4

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen