**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Joseph Wells, Individually and as**
**Power of Attorney for Velma Luella Wells,**
**Petitioners Below, Petitioners**

**v.)  No. 23-758** (22-ICA-281)

**Antero Resources Corporation and David Bowyer,**
**Respondents Below, Respondents**

## CORRECTED MEMORANDUM DECISION

Petitioner Joseph Wells, acting in his individual capacity and as the attorney-in-fact under a power of attorney for his mother, Velma Luella Wells, appeals the November 1, 2023, memorandum decision of the Intermediate Court of Appeals ("ICA"). The ICA affirmed the Circuit Court of Tyler County's November 2, 2022, order, determining that Mr. Wells does not own any interest in certain real property and dismissing all of Mr. Wells' claims against the respondents, Antero Resources Corporation ("Antero"), David Bowyer, Ralph D. Harter, and Sylvia M. Harter.[1] *See Wells v. Antero Res. Corp.*, No. 22-ICA-281, 2023 WL 7202562 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision). Mr. Wells argues that a conveyance by deed was only for the surface interest of the subject real property and that dismissal in favor of the respondents was improperly granted. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's memorandum decision is appropriate. *See* W. Va. R. App. P. 21(c).

The subject real property ("Property") is a sixty-seven-acre tract of land in Tyler County, West Virginia. In 1977, Mr. Wells' father, Nile Wells,[2] inherited a one twenty-eighth share of the mineral interest in the Property. Thereafter, Nile Wells and Velma Luella Wells obtained ownership of the surface interest of the Property by deed dated July 31, 1984 ("the 1984 Deed"). It is undisputed that the 1984 Deed conveyed only the surface interest of the Property. On July 23, 1985, Nile Wells inherited another one eighty-fourth share of the mineral interest in the Property.

---

[1] Mr. Wells is represented by counsel Stephen E. Hastings and David K. Hendrickson. Antero is represented by counsel W. Henry Lawrence, Lauren K. Turner, Shaina L. Richardson, and Devon B. Alt. Mr. Bowyer is represented by counsel O. Gay Elmore, Jr. Additional respondents below, Ralph D. Harter and Sylvia M. Harter, did not participate in this appeal.

[2] Nile Wells is now deceased.

1

Therefore, after July 23, 1985, it is undisputed that Nile Wells and Velma Luella Wells owned one hundred percent of the surface interest and one twenty-first of the mineral interest in the Property. By deed dated March 28, 1995, Nile Wells and Velma Luella Wells conveyed the Property to William H. Parks and Ralph D. Harter ("the 1995 Deed"). The 1995 Deed contains largely the same metes and bounds description of the Property as the 1984 Deed and then states:

> Being the same property conveyed unto the Grantors [Nile Wells and Velma Luella Wells], by Appalachian Power Company, a Virginia Corporation, by deed dated July 31, 1984, and recorded in the office of the Clerk of the County Commission of Tyler County, West Virginia, in Deed Book No. 252 at Page 200.
>
> Subject, however, to all valid outstanding easements, rights of way, mineral leases, mineral reservations and mineral conveyances of record.

It is undisputed that the interest conveyed in the 1995 Deed was then conveyed several more times, including to respondents Ralph Harter and Sylvia Harter, before eventually being conveyed to respondent David Bowyer.

Mr. Wells contends that the 1995 Deed conveyed only the surface interest of the Property. Antero and Mr. Bowyer contend that the 1995 Deed conveyed the entire interest owned by Nile and Velma Luella Wells, including both the surface interest and the one twenty-first share of the mineral interest of which Nile Wells was seised and possessed. Due to the conflicting claims of ownership over the mineral interest, Mr. Wells initiated this action seeking a declaration that the 1995 Deed conveyed only the surface interest in the Property and not the one twenty-first share of the mineral interest, as well. Antero and Mr. Bowyer separately moved to dismiss the complaint, both asserting that Mr. Wells did not retain an ownership in the mineral interest. On November 2, 2022, the circuit court dismissed Mr. Wells' complaint and entered an order in favor of Antero and Mr. Bowyer. The circuit court concluded that the mineral interest owned by Niles Wells was merged under the doctrine of merger when Nile Wells and Velma Luella Wells acquired title to the surface of the Property in 1984 and that the reference in the 1995 Deed, which contained no express reservation of any mineral interest, to the 1984 Deed was insufficient to re-sever the mineral interest. The court also found that the "1995 Deed was unambiguous and cannot be construed to create an exception or reservation where the language does not expressly create one." Thus, the court concluded the 1995 Deed conveyed the entire interest of the grantors in the Property to William H. Parks and Ralph D. Harter. Because Mr. Wells reserved and retained no interest in the Property, his claims failed.

Mr. Wells appealed to the ICA, and the ICA affirmed the circuit court in a memorandum decision. *See Wells*, 2023 WL 7202562. The ICA agreed that the surface interest and the mineral interest merged, and since the 1995 Deed does not contain an exception or reservation of the mineral interest, stated in certain and definite language, the mineral interest was not re-severed in the 1995 Deed. Accordingly, the ICA concluded the 1995 Deed conveyed the entire interest in the Property. Mr. Wells now appeals the ICA's memorandum decision.

2

"In reviewing an Intermediate Court of Appeals' decision from a circuit court's grant of a motion to dismiss, this Court applies a de novo standard of review." Syl. Pt. 1, *Folse v. Rollyson*, 251 W. Va. 566, 915 S.E.2d 344 (2025).

> 'The trial court, in appraising the sufficiency of a complaint on a Rule 12(b)(6) motion, should not dismiss the complaint unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).' Syllabus Point 3, *Chapman v. Kane Transfer Co., Inc.*, 160 W. Va. 530, 236 S.E.2d 207 (1977).

Syl. Pt. 2, *Boone v. Activate Healthcare, LLC*, 245 W. Va. 476, 859 S.E.2d 419 (2021).

Mr. Wells advances a single assignment of error: that the ICA erred in affirming the circuit court because the 1995 Deed clearly described the land being conveyed as the surface interest of the Property only.[3] Mr. Wells asserts that the phrase in the 1995 Deed "[b]eing the same property conveyed unto the Grantors [Nile Wells and Velma Wells], by Appalachian Power Company, a Virginia Corporation, by deed dated July 31, 1984" is a clear conveyance that was limited to the surface interest only. We disagree, because the language of the 1995 Deed is unambiguous and cannot be construed to create an exception or a reservation of the one twenty-first share of the mineral interest. As we recently explained, an unambiguous writing

> must speak for itself by its words, without aid of any oral evidence. And, extrinsic evidence will not be admitted to explain or alter the terms of a written contract which is clear and unambiguous. We emphasize that a term is not ambiguous merely because the parties disagree as to its meaning. Rather, the term "ambiguity" is defined as language reasonably susceptible of two different meanings or language of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning.

*Hansen-Gier Fam. Tr. of Apr. 22, 2016 by Hansen v. Haywood*, 250 W. Va. 42, 48, 902 S.E.2d 174, 180 (2024) (internal citations omitted).

We have held that "[i]n order to create an exception or reservation in a deed which would reduce a grant in a conveyance clause which is clear, correct and conventional, such exception or reservation must be expressed in certain and definite language." Syl. Pt. 2, *Hall v. Hartley*, 146 W. Va. 328, 119 S.E.2d 759 (1961); *see also* Syl. Pt. 1, *Freudenberger Oil Co. v. Simmons*, 79 W. Va. 46, 90 S.E. 815 (1916) (holding that "[a] deed conveying lands, unless an exception is made therein, conveys all the estate, right, title, and interest whatever, both at law and in equity, of the grantor in and to such lands."). Further, *Faith United* does not support Mr. Wells' position. *See Faith United Methodist Church & Cemetery of Terra Alta v. Morgan*, 231 W. Va. 423, 745 S.E.2d

---

[3] The parties do not dispute that Nile Wells' surface and mineral interests in the Property merged, therefore we need not reach that issue.

3

461 (2013). In *Faith United*, unlike in this action, the grantor chose to include the words "the surface only," which we found to be a clear conveyance of the grantor's share of the subject real property's surface interest and a reservation of the remaining interest in the mineral tract of the real property. *Id.* at 445, 745 S.E.2d at 483.

The 1995 Deed was ineffective in reserving the mineral estate since it failed to contain a reservation with any certainty. *See* Syl. Pt. 2, *Harding v. Jennings*, 68 W. Va. 354, 70 S.E. 1 (1910) (holding that "[a]n exception in a deed conveying land must describe the thing excepted with legal certainty, so as to be ascertained, else the thing sought to be excepted will pass to the grantee."); *accord DWG Oil & Gas Acquisitions, LLC v. S. Country Farms, Inc.*, 238 W. Va. 414, 419, 796 S.E.2d 201, 206 (2017). In *DWG Oil & Gas*, we acknowledged this long-standing principle and determined that a conveyance "subject to 'all the reservations as contained in or referred to'" in a prior deed was insufficient to sever the mineral interest after the surface interest and mineral interest had previously merged. *DWG Oil & Gas*, 238 W. Va. at 419-20, 796 S.E.2d at 206-07. Likewise, here the singular reference to the 1984 Deed conveyance and reliance on this reference by Mr. Wells is insufficient and cannot be construed to be an express reservation of the mineral interest. Due to a lack of certain and definite language to create an exception or reservation, the circuit court and the ICA correctly concluded that the mineral interest was not reserved from what was conveyed in the 1995 Deed, and, for this reason, Nile Wells and Velma Luella Wells, through the 1995 Deed, conveyed their entire interest in the Property, leaving Mr. Wells with no interest in the Property.

For the foregoing reasons, we affirm the November 1, 2023, memorandum decision of the ICA that affirmed the circuit court's November 2, 2022, order, dismissing Mr. Wells' complaint.

Affirmed.

**ISSUED:** April 7, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

4