IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**June 2, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARS LABS PROPERTIES, LLC,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-321**      (Cir. Ct. Hardy Cnty. Case No. CC-16-2024-C-27)

**JOHN B. BOWMAN and**
**CHARLOTTE D. BOWMAN,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Mars Labs Properties, LLC ("Mars Labs") appeals the July 14, 2025, order from the Circuit Court of Hardy County granting Respondents John B. Bowman and Charlotte D. Bowman's (collectively "the Bowmans") Motion for Summary Declaratory Judgment, denying Mars Labs' Motion for Declaratory Judgment, and declaring that the 1.42 acre portion of land at issue is vested with the Bowmans. The Bowmans filed a response.[1] Mars Labs filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mars Labs and the Bowmans are owners of adjoining property located in Hardy County, West Virginia. Both the Mars Labs tract and the Bowmans' tract border property owned by Jeremy Hawse, who is a non-party to this action. This action seeks to quiet title to a 1.42-acre triangular parcel of land (hereafter "the disputed tract"), which is bordered by the Bowmans', Mars Labs', and Hawse's parcels.

On October 27, 1915, Jacob and Lucy Beam conveyed what is now the Bowmans' parcel to Lorenzo and Minnie See. During the time that Lorenzo and Minnie See owned the Bowmans' tract, John F. Hawse owned the Hawse's tract. On March 10, 1923, John F. Hawse and Lorenzo See had the boundaries of their respective parcels surveyed by Henry Hisghman (hereafter the "1923 Hisghman survey"). The 1923 Hisghman survey stated that

---

[1] Mars Labs is represented by Gerald J. Langan, Esq. The Bowmans are represented by Jonathan G. Brill, Esq., and Amanda W. Greene, Esq.

Mr. Hisghman was requested to re-survey three lines between the adjoining Hawse and See properties. Mars Labs argues that the following description from the Hisghman survey was not included in earlier deeds: "Beginning at a blackoak, Thence North 59 West 17-4/5 poles to a planted stone at the end of the wire fence where 3 pines stood as the original corner, on a hill." The Hisghman survey was recorded on November 6, 1929, with the Hardy County Clerk's Office, and it is undisputed that neither John F. Hawse nor Lorenzo See contested the 1923 Hisghman survey. In 1937, Henry Hisghman again surveyed the Hawse parcel and prepared a plat, and the parties now dispute whether this survey demonstrates an error in boundary lines drawn in the earlier 1923 Hisghman survey.

Lorenzo and Minnie See continued to own what would become the Bowmans' parcel from the time of the 1923 Hisghman survey until their deaths in the 1970s. Following their deaths, Attorney Ralph Bean was charged with settling Minnie See's estate and selling her and Lorenzo's real estate. In June of 1972, Mr. Bean conducted a public sale of Lorenzo and Minnie See's land, and S. Barnes Bowman, Louise Bowman, Stanley B. Bowman, and Judy Ann Bowman were the highest bidders. By deed dated September 12, 1972, Ralph Bean conveyed Minnie See's property to S. Barnes Bowman, Louise Bowman, Stanley B. Bowman, and Judy Ann Bowman. On May 15, 1976, Stanley B. Bowman and Judy Ann Bowman conveyed their interests in this property to S. Barnes Bowman and Louise Bowman. Finally, the heirs of S. Barnes Bowman and Louise Bowman conveyed their interests to John, who is the son of S. Barnes Bowman, and his wife Charlotte Bowman in a deed dated June 22, 2021.

Further, John F. Hawse continued to own the Hawse tract from the time of the 1923 Hisghman survey until May 5, 1948, when he conveyed the Hawse tract to his wife and child. The Hawse tract continued to pass through generations of the Hawse family and was conveyed to its current owner Jeremy Hawse by deed dated August 29, 2023.

In addition, the property that would become the Mars Labs tract was conveyed by deed dated December 15, 1951, to James Bowman, who was the brother of S. Barnes Bowman. James Bowman and his wife Reva Bowman resided on the Mars Labs tract until Reva Bowman's death in 2016 when she conveyed the property to her children. In 2020, Reva Bowman's heirs transferred the property into a limited liability company titled "Moyers, LLC," [2] and Moyers, LLC, decided to sell to Mars Labs. To assist with the sale, Reva Bowman's heirs and Mars Labs engaged the services of surveyor Tony Whetzel. In November of 2021, Mr. Whetzel surveyed Reva Bowman's property and did not include the disputed tract as part of her property. Mr. Whetzel concluded that the Reva Bowman property was bounded by a straight line that ran along the boundary of the Hawse tract to

---

[2] Prior to this transfer, Reva Bowman's heirs conveyed approximately 6.81 acres of the parcel to Jimmie and Kathy Parker. No party argues that this excised portion of the parcel has any relevance to the result in this matter.

a point in the Bowmans' tract fence line and did not include the disputed tract. Mr. Whetzel later revised the plat of his survey to include the disputed tract but made a note stating the disputed tract "appear[ed] to have been claimed by Reva Bowman or her predecessors in title" but that "no ownership could be found in the Reva Bowman title chain."

In a deed dated January 21, 2022, Moyers, LLC, conveyed the Mars Labs tract to Mars Labs. That deed conveyed Moyers, LLC's purported interest in the disputed tract separately from the remainder of the Mars Labs tract via quitclaim deed. Following this sale, the Bowmans became concerned about the disputed tract and began construction of a new fence. Before constructing the fence, the Bowmans had their land surveyed by Kerry Schultz, and Mr. Schultz concluded that the disputed tract was part of the Bowmans' property.

On September 18, 2024, Mars Labs filed a petition for preliminary injunction pursuant to Rule 65 of the West Virginia Rules of Civil Procedure to enjoin the Bowmans from the continued construction of a fence on the disputed tract, which Mars Labs alleged it owned. Mars Labs alleged the Bowmans were claiming ownership of the disputed tract, had cleared the land, appeared to be placing a fence, and were prohibiting Mars Labs from possession of its property. The petition further sought to eject the Bowmans from their alleged forced entry and to quiet title to the disputed tract.

On April 30, 2025, the parties filed cross motions for declaratory judgment pursuant to Rule 57 of the West Virginia Rules of Civil Procedure each seeking a declaration regarding the ownership of the disputed tract. In its motion, Mars Labs no longer argued that the disputed tract belonged to it but instead moved the circuit court to declare that the disputed tract belonged to the heirs of John F. Hawse, a predecessor in title to the neighboring Hawse parcel. Mars Labs argued that the 1923 Hisghman survey was not meant to grant the disputed tract from John F. Hawse to Lorenzo See, the predecessor in title to the Bowmans' tract. On June 6, 2025, the parties each filed responses. The Bowmans' response argued that Mars Labs had conceded that the record did not support its ownership of the disputed tract and argued that Mars Labs lacked standing to challenge the boundary between the Bowmans' and Hawse's parcels.

On June 10, 2025, the circuit court notified counsel for each party by email that it intended to grant the Bowmans' motion, deny Mars Labs' motion, and find that Mars Labs lacked standing to challenge the boundary between the Bowmans' and Hawse's parcels. The circuit court directed the Bowmans' counsel to prepare a proposed order embodying those rulings. The Bowmans' counsel circulated their proposed order on July 4, 2025. On July 7, 2025, Mars Labs filed a motion in opposition to the Bowmans' proposed order and argued the order contained factual inaccuracies and legal conclusions that were not supported by the law. Mars Labs further stated that the owner of the Hawse tract had conveyed their rights and interests in the disputed tract via quitclaim deed to Mars Labs.

3

Mars Labs argued this conveyance granted it standing to quiet title to the disputed tract.[3] On July 14, 2025, the circuit court granted the Bowmans' Motion for Summary Declaratory Judgment and denied Mars Labs' Motion for Declaratory Judgment. The circuit court further ordered that the disputed tract is currently vested to the Bowmans and found Mars Labs lacked standing to contest the 1923 Hisghman survey between the Bowmans and Hawse tracts. It is from this order that Mars Labs now appeals.

In *Cox v. Amick*, 195 W. Va. 608, 612, 466 S.E.2d 459, 463 (1995), the Supreme Court of Appeals of West Virginia ("SCAWV") observed that "the purpose of a declaratory judgment action is to resolve legal questions" and held that "a circuit court's entry of a declaratory judgment is reviewed *de novo.*" Further, "any determinations of fact made by the circuit court in reaching its ultimate resolution are reviewed pursuant to a clearly erroneous standard." *Id; see also DWG Oil & Gas Acquisitions, LLC v. S. Country Farms, Inc.*, 238 W. Va. 414, 418, 796 S.E.2d 201, 205 (2017); W. Va. Code § 55-13-7 (1941) ("All orders, judgments and decrees under [the West Virginia Uniform Declaratory Judgments Act] may be reviewed as other orders, judgments and decrees.").

On appeal, Mars Labs asserts four assignments of error, but its third assignment of error is dispositive of this appeal.[4] For its third assignment of error, Mars Labs argues the circuit court erred in holding that it lacked standing to bring this declaratory judgment action to quiet title between the Bowmans and the Hawses, who are its neighboring landowners. We disagree. It is well established that,

> [s]tanding is comprised of three elements: First, the party attempting to establish standing must have suffered an "injury-in-fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct forming the basis

---

[3] Mars Labs has never produced this alleged quitclaim deed and stated it was not recorded.

[4] Mars Labs asserts the following other assignments of error. First, it argues the circuit court erred in holding the 1923 Hisghman survey resulted in the creation of a new boundary line and conveyed the disputed tract to the Bowmans' predecessors. Second, it argues the circuit court erred in failing to address mistakes in the 1923 Hisghman survey and failed to describe why an established boundary line dividing the tracts in question was rejected while the errantly drawn boundary line was allowed to stand. Finally, Mars Labs argues the circuit court erred in granting summary judgment without hearing and failed to draw inferences, accept facts, and resolve doubts in favor of Mars Labs, who was the non-moving party.

of the lawsuit. Third, it must be likely that the injury will be redressed through a favorable decision of the court.

Syl. Pt. 5, *Findley v. State Farm Mut. Auto. Ins. Co.*, 213 W. Va. 80, 576 S.E.2d 807 (2002); *accord Cain v. Town of Worthington*, No. 25-ICA-230, 2026 WL 693461, at *3 (W. Va. Ct. App. Feb. 27, 2026) (memorandum decision).

Further,

[s]tanding does not refer simply to a party's capacity to appear in court. Rather, standing is gauged by the specific common-law, statutory or constitutional claims that a party presents. "Typically, ... the standing inquiry requires careful judicial examination ... to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted."

*Id.* at 94-95, 576 S.E.2d at 821-22 (quoting *Int'l Primate Protection League v. Adms. of Tulane Educ. Fund,* 500 U.S. 72, 77 (1991)). West Virginia Code § 55-13-2 addresses standing in the specific context of a declaratory judgment action:

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status or other legal relations are affected by a . . . contract . . . , may have determined any question of construction or validity arising under the instrument [or] contract . . . and obtain a declaration of rights, status or other legal relations thereunder.

W. Va. Code § 55-13-2 (1941).

The SCAWV has explained that "when standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request an adjudication of a particular issue[.]" *Findley* at 95, 576 S.E.2d at 822 (quoting *Flast v. Cohen,* 392 U.S. 83, 99-100 (1968)). While standing is typically discussed in the context of a party's right to raise a claim at the trial court level, it also applies to a party's right to raise an issue on appeal. *See W. Va. AAA Statewide Ass'n v. Pub. Serv. Comm'n of W. Va.*, 186 W. Va. 287, 288, 412 S.E.2d 481, 482 (1991) (finding that the petitioner lacked standing to raise several of its assignments of error on appeal because it "lack[ed] a legally protectable and tangible interest at stake pertaining to those matters and is therefore not the proper party to raise those assignments"); *Cain*, 2026 WL 693461, at *3.

In this case, the focus of our standing inquiry is whether Mars Labs is the proper party to seek a declaration to quiet title of the disputed tract between the Bowmans and the Hawses. In its initial petition, Mars Labs sought a declaration that the disputed tract was part of its tract. However, in its April 30, 2025, motion for declaratory judgment filed with the circuit court, Mars Labs instead argued that the circuit court should declare that the

5

disputed tract was owned by its neighbors, the Hawses. Mars Labs now claims Jeremy Hawse conveyed the disputed tract to it via quitclaim deed, but Mars Labs has failed to produce any evidence to support this claim either below or on appeal. Accordingly, Mars Labs has not shown that it is interested in any deed to the disputed tract or that its rights are affected by any contract affecting that parcel.

As a result, Mars Labs has failed to show that it has a legally cognizable interest in the disputed tract and has no legally protected interest which could have been injured by the circuit court's rulings. *See Butler v. Price*, 212 W. Va. 450, 454, 574 S.E.2d 782, 786 (2002) (finding that a party with no legal interest in a parcel had no standing to appeal the circuit court's ruling related to an alleged right-of-way on that property). Moreover, Mars Labs has no injury that could be redressed through a favorable decision of this Court because it lacks an interest in the disputed tract. Mars Labs lacks standing to contest the 1923 Hisghman survey or to seek a declaration to quiet title between the Bowmans and the Hawses. *See Guido v. Guido*, 202 W. Va. 198, 202-03, 503 S.E.2d 511, 515-16 (1998) (finding that a party had no standing to appeal rulings that only affected the interests of non-parties); *see also Heavner v. Three Run Maint. Ass'n, Inc.*, No. 18-1080, 2020 WL 3072003, at *7 n.21 (W. Va. June 10, 2020) (memorandum decision) ("By force of logic, statute, and case law, however, a party must have title to a property to bring an action to quiet title. With no title, there is nothing to be quieted." (quoting *Barclay v. Robert C. Malt & Co.*, 985 So.2d 53, 54 (Fla. Dist. Ct. App. 2008))). Accordingly, Mars Labs lacks standing to raise its additional substantive assignments of error related to the circuit court's rulings on the possession and ownership of the disputed tract, and we decline to address Mars Labs' remaining assignments of error.[5]

For the foregoing reasons, we conclude that Mars Labs has no interest in the disputed tract and that it lacks standing to pursue this action. Accordingly, we affirm the circuit court's July 14, 2025, order.

Affirmed.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Chief Judge Daniel Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[5] Our decision to affirm is solely based on Mars Labs' lack of a legally protected interest in the disputed tract and should not be construed as a determination related to the circuit court's conclusion that the Bowmans are the lawful owners of the disputed tract.

6